Robert R. WILLIAMS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15221.

Court of Criminal Appeals of Oklahoma.

July 2, 1969.

John Connolly, Wendell E. Wightman, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, hereafter referred to as defendant, was convicted in the District Court of Oklahoma County for the offense of First Degree Manslaughter, and on October 25, 1968, the jury assessed defendant's punishment at twenty-eight years confinement in the state penitentiary. Judgment and sentence was imposed on October 31, 1968, from which defendant filed his appeal in this Court on April 4, 1969, after which he requested to withdraw his casemade for correction in that the trial judge was not available to sign same prior to its being filed. The trial judge, the Honorable C. R. Board, had been assigned to try the case, and consequently was not available until later to sign the casemade. The casemade was then filed in the District Court Clerk's office, withdrawn and refiled in this Court on April 14, 1969.

On April 8, 1969, the Attorney General filed a Motion to Dismiss the appeal on the grounds that defendant is beyond the jurisdiction of this Court, without first obtaining permission of this Court, or the District Court in which he was granted bail; and that defendant is presently incarcerated in the penitentiary of the State of Tennessee. A hearing on the Attorney General's Motion to Dismiss was had on April 16, 1969.

Defendant's attempted appeal results from his being charged with the Crime of Murder, in which he was alleged to have killed one, Billy Joe Gillespie, on March 22, 1968. However, the jury returned a verdict finding defendant guilty of first degree manslaughter and assessed his punishment at twenty-eight years imprison-

ment. Defendant was admitted to bail thereafter, in the amount of $22,500.00, and filed a surety bond with the district court clerk in that court's case number 34,391.

At the hearing in this Court on the Attorney General's Motion, the parties orally stipulated to the fact that the crime, for which defendant is presently incarcerated in the State of Tennessee, was committed prior to the date defendant was convicted in the District Court of Oklahoma in the instant case. It was further stipulated that defendant left the State of Oklahoma without permission of either this Court, or the District Court of Oklahoma County.

In defendant's response to the Attorney General's Motion, it was contended that the motion to dismiss is motivated by the Oklahoma County District Attorney's attempt to force a bond forfeiture, and thereby collect on defendant's appeal bond. It is further contended, that the defendant left the State of Oklahoma without the knowledge that his actions violated the conditions of his bail, or that he was required to obtain either court's permission to leave its jurisdiction.

In oral argument, defendant's counsel referred this Court to the case of United Bonding Insurance Company v. State of Oklahoma, Okl., 373 P.2d 64 (1962), as authority to establish that the incarceration in another State, of one free on bail pending the outcome of his appeal in this State, is not sufficient cause to warrant this Court to dismiss the appeal. It was argued that such is especially true in this case, since the offense committed in the State of Tennessee occurred prior to the conviction in this State. In this respect, defendant is relying on what the Oklahoma Supreme Court recited in the *United Bonding Insurance* case, supra, when they were quoting from Metcalf v. State, 57 Okl. 64, 156 P. 305, L.R.A.1916E, 595; as follows:

"* * * If the principal voluntarily placed himself in a condition which caused his arrest subsequent to the time he executed the bond, he and his sureties cannot be heard to complain. If, howev-

er, the crime for which he was arrested by the federal authorities was committed prior to the execution of his recognizance or was for the same crime for which he had been arrested in the state courts, or grew out of the crime for which he was arrested in the state courts, then and in those events the principal and his sureties would be entitled to vacate the forfeiture by reason of an act of law, and such reason would be sufficient cause under section 7112, (now 22 O.S.1961, § 1108) supra."

However, as we read that case it does not purport to apply to the matter of appeal before this Court; but instead, it is directed to the civil action concerning the forfeiture of bail bond. We do not therefore, consider such to be controlling in the matter now before this Court.

 The State, in its motion to dismiss, relies on Klinefelter v. State, Okl.Cr., 398 P.2d 103 (1965), and the authorities cited therein. While quoting from Evinger v. State, 35 Okl.Cr. 12, 247 P. 416 (1926), this Court stated the uniform holding of the Court when a defendant, who has been convicted, sentenced and perfects his appeal, places himself in a situation where he cannot respond to any judgment or order rendered, or entered, in the case. That rule is stated thusly:

"[W]here it is shown that appellant, after perfecting his appeal, without permission or proper order of the court first obtained, left the jurisdiction of the court, thus voluntarily violating one of the conditions of his appeal bond, he thereby waives the right that was given him to have the judgment of conviction superseded, and it then becomes discretionary for this court to proceed to a determination of the case on its merits, or to dismiss such appeal for that reason."

The *Klinefelter case*, supra, states further with reference to the absence of any specific statute authorizing the application of the above stated rule:

"While there is no express provision of our statute authorizing the dismissal of

an appeal on the grounds stated, yet, in the absence of a statute to the contrary, the rule is well settled that it is a matter within the discretion of the court whether, upon uncontroverted facts, plaintiff in error has waived her right to have her appeal considered and determined."

In applying the Court's discretion, referred to in *Klinefelter,* supra, it therefore becomes necessary to consider the provisions of Title 22 Okl.St.Ann. § 1058, which states in part:

"If an appeal is taken and the appeal bond given as provided in the preceding Section, said bond shall be conditioned that the defendant will appeal, submit to and perform any judgment rendered by the Court of Criminal Appeals or the court in which the original judgment was rendered in the further progress of the cause, *and will not depart without leave of the court.* \* \* \*" (Emphasis added.)

▓ Most of the cases decided by this Court, in which the appeal was dismissed under the conditions of the statute, involved crimes which were committed in another State subsequent to the time the appellant was admitted to bail. However in the instant case, the Tennessee crime was committed prior to the time defendant was admitted to bail in Oklahoma. Consequently, this is the only difference between this case and the numerous other cases previously dismissed by this Court, for the same reason. But as we view the statute, it does not contemplate any time element in this respect. The statute clearly provides that the appeal bond shall be conditioned upon the fact that the defendant will not depart without leave of the court. So, we do not accept the significance defense counsel places on the fact that defendant unknowingly departed the State, to fulfill an outstanding penal sentence; and that he should therefore, be excused for his departure. The Court cannot accept this reasoning. To do so would open the door for other illogical excuses to be offered to the Court.

The only outstanding significant fact is, that the defendant left the jurisdiction of the court without leave of the court: a fact stipulated to by counsel for defendant.

Under defendant's present circumstances, there is little doubt that defendant cannot respond to the order of this Court, of his own volition. But counsel argued, that defendant will be free from the Tennessee confinement about September 20, 1969, subject to his receiving full good time credit from the warden; and that he will freely return to Oklahoma, upon his release. But neither of his attorneys would, or could, provide any guarantee, or other assurances, concerning the actual date of his return. Nor could either of his attorneys give any assurance that no other State has placed "detainers" against him, with the Tennessee penal authorities. To the contrary however, the District Attorney leads the Court to believe that other detainers have been lodged against the defendant, and that Oklahoma is not in a position to expect defendant's immediate return to Oklahoma, upon his release from his present confinement.

▓ Consequently, we are left with this summary of concrete facts concerning this matter: Defendant was convicted, granted bail, departed the State without leave of the court, became incarcerated in the Tennessee penitentiary, became subject to the motion to forfeit his bond, filed his appeal in this Court, and is now confronted with the Attorney General's motion to dismiss the appeal. And at the same time, no one is in a position to provide this Court any assurance whatsoever, when the defendant will return to the jurisdiction of the Court, if ever. In the meantime, this Court is asked to adopt a "wait and see" attitude. We do not comprehend such to be the duty of this Court.

▓ Applying our judicial discretion to the facts of this matter, we are of the

opinion that if the decisions of this Court are to remain consistent in the application of the long standing rule of the Court, this appeal should be dismissed. Discretion dictates this to be the only tenable position available to the Court. And it should be added, that this decision has been reached after careful and deliberate consideration, with full understanding of the possible consequences. But those consequences are not within the realm of this Court, nor are they factors to be considered in reaching our decision. We do not purport to say whether, or not, the bail bond posted in this matter will, or should, be forfeited, which defendant contends is the motivating factor prompting the Attorney General's motion to dismiss. In this matter, we are only concerned with the facts presently before the Court, as they relate to defendant's appeal. By those facts however, we are left to conclude that by his own actions —whether knowingly, or unknowingly—defendant waived his right to have his appeal considered when he left the jurisdiction of the court without leave.

The casemade filed in this Court reflects that on February 27, 1969, the district attorney filed his Motion to Forfeit Bail, said motion alleges that defendant's appeal bond was filed on December 10, 1968; that about December 26, 1968, defendant departed the State of Oklahoma, and was hereafter allegedly involved in an armed robbery in Hickory, North Carolina; and that defendant was subsequently arrested in Nashville, Tennessee, for said alleged robbery charge, when he was incarcerated in the Nashville jail. On March 18, 1969, the court reporter was requested to complete the casemade, which was filed in this Court on April 4, 1969.

Now therefore, after having considered all the facts and circumstances of this matter, the Court finds that the Attorney General's Motion to Dismiss should be, and the same is, granted.

It is the further order of the Court, that the appeal of Robert R. Williams, Number 15,221 from his conviction for the offense of First Degree Manslaughter in the District Court of Oklahoma County shall be dismissed; and the mandate shall issue forthwith.

BUSSEY and NIX, JJ., concur.