**RESOLUTE INSURANCE COMPANY, a corporation, Plaintiff in Error,**

v.

**STATE of Oklahoma, Defendant in Error.**

**No. 43100.**

Supreme Court of Oklahoma.

Jan. 19, 1971.

Kent Fleming, Watts, Looney, Nichols & Associates, Oklahoma City, for plaintiff in error.

Curtis P. Harris, Dist. Atty., Jack Swidensky, Asst. Dist. Atty., Oklahoma City, for defendant in error.

IRWIN, Justice.

The trial court ordered forfeiture of an appeal bond and denied the motion to set aside the order of forfeiture. Plaintiff in error, the surety on the appeal bond, appealed.

The question presented concerns the forfeiture of an appeal bond in a criminal proceeding wherein the defendant, at the time he was scheduled to appear, was incarcerated in the Texas State Penitentiary for an offense committed by him after his release on the appeal bond.

The parties stipulated that: Defendant was sentenced by the trial court to the Oklahoma State Penitentiary and gave notice of his intention to appeal. The appeal bond was filed and defendant was released from custody. Defendant failed to perfect the appeal and the judgment and sentence became final. At all times since the judgment and sentence became final, defendant has been incarcerated in the Texas State Penitentiary for an offense committed by him after his release on the bond. An alias warrant has been filed with the proper authorities of Texas which constitutes a hold upon defendant. Surety offered to deposit the money necessary to

return defendant to Oklahoma after his release from the Texas Penitentiary.

The record does not disclose that defendant obtained permission to leave Oklahoma and Surety does not argue that he had permission.

In 1965, the Legislature enacted 59 O.S. Supp.1965 § 1301 et seq. Section 1332(3) provides:

"If the defendant's failure to appear was the result of being * * * in the custody of any court within the State of Oklahoma or in custody of any court within any other state, providing the defendant had prior to leaving the State of Oklahoma, obtained written permission to go to the state wherein he is in custody, by the judge of the assigned court wherein his case is pending, forfeiture will lie in those instances where custody is the result of a surrender of the prisoner by the bondsman affected or * * * to avoid appearance in another court, *otherwise forfeiture shall not lie,* but the county attorney shall direct a hold order. * * * Providing, that all expenses accrued as a result of returning the custody of the defendant shall be borne by the bondsman. * * *." (Emphasis added)

Surety argues the word "otherwise" is used in the disjunctive and thereby provides an alternative under the statute; and that in view of the alias warrant to hold defendant and its offer to pay the necessary expenses to return defendant to Oklahoma, the requirements to the statute have been satisfied and forfeiture will not lie.

Surety's argument overlooks the fact that defendant did not obtain permission to leave Oklahoma. Although the above enactment prescribes when forfeiture will or will not lie under certain circumstances, the enactment does not include instances wherein a defendant does not obtain permission to leave Oklahoma and is held in the custody of a court in another state. The above enactment may not be construed to hold that if a defendant, who has been released on bond, leaves Oklahoma without permission, and is in custody of a court of another state for an offense committed by him after his release on bond, that the surety on the bond is exonerated if an alias warrant is issued and the surety offers to pay the necessary expenses to return defendant to Oklahoma.

In Boice v. State, Okl., 473 P.2d 241, we said the 1965 enactment repealed all laws or parts of laws in conflict therewith but did not expressly repeal any specific statute; and that it prevails over, or supersedes, earlier statutes on the same subject matter which are in conflict therewith.

Since the 1965 enactment does not prescribe when forfeiture will or will not lie under the circumstances presented in the case at bar, we must consider other statutes and our construction of those statutes.

Title 22 O.S.1961, § 1058, provides that an appeal bond shall be conditioned upon the fact that the defendant will not depart the jurisdiction of the court without leave of court. Williams v. State, Okl.Cr., 457 P.2d 796. In Collins v. State, 169 Okl. 486, 37 P.2d 827, we approved an order of forfeiture of an appeal bond where the defendant left Oklahoma and went to Nevada without permission. In United Bonding Insurance Company v. State, Okl., 373 P.2d 64, we held that where an accused is released on bond and thereafter held in custody on a charge growing out of an offense committed after his release on the bond, the fact that he is held in custody and unable to appear for trial when required neither excuses his failure to appear nor exonerates the sureties upon the bond.

The cases relied upon by surety, wherein forfeiture was not allowed where there existed sufficient excuse for defendant's failure to appear at the scheduled time, may not be construed to exonerate surety in the instant proceeding.

Judgment affirmed.

All the Justices concur.