The **STATE** of Oklahoma, Appellee,

v.

**Bill DAVIDSON**, Appellant.

No. 47358.

Court of Appeals of Oklahoma, Division No. 2.

Aug. 12, 1975.

Rehearing Denied Sept. 8, 1975.

Released for Publication by Order of Court of Appeals Feb. 6, 1976.

Curtis P. Harris, Dist. Atty., William L. Funk, Asst. Dist. Atty., Oklahoma City, for appellee.

Forest N. Simon, and O. B. Martin, Oklahoma City, for appellant.

BACON, Judge.

This appeal is taken by a bail bondsman from the trial court's denial of his motion to vacate and set aside a bond forfeiture. The facts are as follows.

One Willard Ford was convicted of second-degree burglary in Oklahoma County and sentenced on May 1, 1973, to serve seven years in the penitentiary. He posted an appeal bond signed by appellant as surety. A condition of the bond was that Ford was not to leave the state without permission of the court. 22 O.S.1971 § 1058.

Ford, without obtaining leave of the court to depart from Oklahoma, was jailed on September 8, 1973, in the state of Virginia for possession of burglary tools.

On November 19, 1973, the State of Oklahoma filed a "motion for order of bail bond forfeiture" because Ford failed to prosecute his appeal. Notice was given appellant that the hearing on the state's motion would be heard December 14, 1973.

On December 14, 1973, the court, after a hearing, ordered forfeiture of the bond and soon thereafter appellant received by personal service notice that the bond on Ford had been forfeited.

On January 15, 1974, appellant filed his motion to set aside the bond forfeiture, which was subsequently overruled. Appellant is now appealing and argues under two propositions of error.

Appellant's first proposition reads:

"The State should have proceeded to forfeit the criminal appeal bond under the provisions of Title 22 O.S.A. § 1058."

In order to put appellant's argument into proper perspective, several statutes should first be noted.

Title 22 O.S.1971 § 1058[1] existed prior to 1965 and covers the conditions under

---

1. 22 O.S.1971 § 1058 provides:
"If an appeal is taken and the appeal bond given as provided in the preceding Section, said bond shall be conditioned that the defendant will appear, submit to and perform any judgment rendered by the Criminal Court of Appeals or the court in which the original judgment was rendered in the further progress of the cause, and will not depart without leave of the court. After the determination of the appeal in the Criminal Court of Appeals, or if the Appeal is not perfected as provided by Law, the defendant may be surrendered by the sureties to the proper authorities for the execution of the sentence. If the de-

fendant be adjudged to be incarcerated in any penal institution and/or to pay a fine, said sureties shall be relieved of liability for such fine and costs upon surrender of the defendant to the proper authorities for incarceration pursuant to the judgment and prior to forfeiture of the bond. If no bond be given the appeal shall not stay execution of the judgment, except in capital cases or where otherwise specifically provided by law. If pending the appeal the bond be given, a further execution of the judgment shall be stayed and the defendant released pending the determination of the appeal. In all cases where the sentence is for a crime not bailable the de-

which an appeal bond is posted. Title 22 O.S.1971 § 1108[2] also existed prior to 1965 and it contains the provisions for forfeiture of bail bonds. Under § 1108, after a bond was forfeited, the county attorney had to then bring an action upon the bond to recover the amount. Until 1965 both trial appearance and appeal bonds were forfeited pursuant to § 1108.

In 1965 Oklahoma adopted what is now 59 O.S.1971 §§ 1301 et seq. which is commonly referred to as "the new bail bond law." Section 1330[3] of this Act contains provisions for "forfeiture of bond" and does not distinguish between trial appearance bail bonds and appeal bail bonds.

Also § 1330 does not require a separate action be brought by the county attorney to recover upon the bond. Section 1330 did not specifically repeal any statutes in existence upon its passage. Thus, in the present case, it is the position of appellant that since § 1330 does not specifically repeal §§ 1058 and 1108, the trial court erred in not applying § 1058 and presumedly § 1108. In other words, it appears to be appellant's contention that § 1058 applies to posting appeal bonds and any forfeiture of that appeal bond would come under § 1108 which of course requires a separate action be brought against the bond so forfeited. Appellant seems to take the position that § 1330 applies only to bail bonds other than

---

fendant shall be confined in the penitentiary pending the appeal."

2. 22 O.S.1971 § 1108 provides:
"If, without sufficient excuse, the defendant neglects to appear according to the terms or conditions of the recognizance, bond or undertaking, either for hearing, arraignment, trial or judgment, or upon any other occasion when his presence in court or before the magistrate may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes, and the recognizance, bond or undertaking of bail, or the money deposited instead of bail, as the case may be, is and shall be thereupon declared forfeited. But, if at any time before the final adjournment of court the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture to be discharged upon such terms as may be just. After the forfeiture, the county attorney must proceed with all due diligence, by action against the bail upon the instrument so forfeited. If money deposited instead of bail be so forfeited, the clerk of the court or other officer with whom it is deposited, must, immediately after the final adjournment of the court, pay over the money deposited to the county treasurer."

3. 59 O.S.1971 § 1330 provides:
"If there is a breach of the undertaking, the court before which the cause is pending shall declare the undertaking and any money that has been deposited as bail, forfeited and the proceeds thereof paid into the clerk of the court. In the case of a surety bondsman or professional bondsman, the court shall immediately direct a copy of said order and judgment of forfeiture to the commissioner who shall give notice by mailing a copy of

said order and judgment of forfeiture to the surety bondsman and his insurer or the professional bondsman and directing them to make a deposit to the commissioner of cash or other valuable security in the face amount of said forfeiture.
"Should the said deposits not be made to the commissioner within thirty days from the date of order of forfeiture, the commissioner shall:
(a) In the case of a 'surety bondsman' immediately cancel the license privilege and authorization of the insurer to do business within the State of Oklahoma and cancel the license of all of said insurers, surety bondsman agents or runners who are licensed by this act.
(b) In case of 'professional bondsman' withdraw the face amount of the said forfeiture from the original deposit provided herein, depositing said amount in a separate escrow account pending appeal and final judgment upon said forfeiture. The commissioner shall then immediately direct the said 'professional bondsman' to make additional deposits to bring the original deposit to the required level. Should the 'professional bondsman' after being notified as herein set forth fail to make such additional deposit within ten days from receipt of notice, his license shall be revoked and all sums presently on deposit shall be held by the commissioner to secure the face amounts of bonds outstanding. Upon release of said bonds the amount of deposit in excess of said bonds shall be returned to the bondsman. Provided, however, the bail bondsman or the insurer shall have had written notice at the place of his business of the trial or hearing or defendant at least ten days before his required appearance of defendant, unless the appearance is scheduled within that time from the execution of bond."

the appeal bonds and that forfeitures of other than appeal bonds would therefore be under § 1330. Thus, concludes appellant, the trial court erred in the present case by not applying § 1058 (and presumedly § 1108) because judgment on the forfeiture was entered without a separate action by the district attorney on the bond instrument after forfeiture.

Appellant cites a portion of *Resolute Ins. Co. v. State,* Okl., 479 P.2d 956 (1971) involving a similar bond forfeiture, as authority to support his argument—authority which we think rather weakens it. That portion of *Resolute* relied upon reads:

> "In *Boice v. State,* Okl., 473 P.2d 241, we said the 1965 enactment repealed all laws or parts of laws in conflict therewith but did not expressly repeal any specific statute; and that it prevails over, or supersedes, earlier statutes on the same subject matter which are in conflict therewith.

> . . . . . .

> "Title 22 O.S.1961, § 1058 provides that an appeal bond shall be conditioned upon the fact that the defendant will not depart the jurisdiction of the court without leave of court."

In *Resolute* the court was presented with a question concerning the conditions for forfeiture of an appeal bond wherein defendant, when due to appear in Oklahoma, was in jail in Texas. The court said the 1965 Act did not specifically repeal any statute but should repeal all statutes in conflict with the new Act. The court said since the 1965 Act "does not prescribe *when* forfeiture will or will not lie under the circumstances presented in the case at bar, we must consider other statutes and our construction of those statutes." (emphasis ours) The court then went on to construe § 1058 and found the appeal bond was conditioned upon defendant not departing the jurisdiction without leave of court. The court concluded that defendant having so departed, the fact that he was in custody and unable to appear "neither excuses his

failure to appear nor exonerates the sureties upon the bond." Section 1108 is never mentioned in *Resolute.*

Appellant's reliance on *Resolute* is without merit due to the clearly distinguishable difference between that case and the one at bar. In *Resolute,* the court was concerned with the *conditions* of an appeal bond and since none were found in §§ 1301 et seq. it of necessity had to look elsewhere, i.e., § 1058. Whereas, in the present case the court is concerned not with the conditions of an appeal bail bond but the *procedure* to be followed in forfeiting that bond. Hence there is no need to look to § 1058 but rather only to § 1108 or § 1330.

Apparently, appellant has confused the § 1058 *conditions* of an appeal bond with the *forfeiture procedures* of §§ 1108 and 1330. Neither § 1108 nor § 1330 says it specifically applies to either appeals bonds or appearance bond forfeitures. And, since the two sections cover the same subject matter, then § 1330, the more recent, would clearly prevail over § 1108 insofar as the two statutes conflict. *Resolute Ins. Co. v. State,* supra. Thus, § 1330 would control the procedure for forfeiture of *all* bail bonds including bonds posted under § 1058. So appellant is correct that § 1058 would apply, but only as to the *conditions* of the appeal bond—not as to *procedure* for forfeiting such bonds.

The last case cited under appellant's first proposition is *Williams v. State,* Okl.Cr., 457 P.2d 796 (1969), and appellant says it discussed "the question of the forfeiture of a bond posted by the defendant in connection with his appeal . . . ." Appellant cites a portion of *Williams,* but he fails to suggest how or why such language would affect the present case. Despite appellant's insistence to the contrary, the cited portion of *Williams* specifically says that the court's decision does *not* reach the issue of bail bond forfeiture. The scope of its holding was made clear when it said, "We do not purport to say whether or not the bail bond posted in this matter will, or should, be forfeited . . . .. In this

matter, we are only concerned with the facts presently before the Court, as they relate to defendant's appeal."

We therefore find no merit to appellant's first proposition of error.

Appellant's second proposition is somewhat vague, and is repetitious of his first proposition. It asks the court to determine whether the "1965 bail bond act" applies to "supersedeas or appeal bonds." It argues irrelevant matters including the due diligence of appellant in "apprehending and returning" Ford to Oklahoma and abuse of discretion in the trial court's ruling.

Appellant argues that nowhere in the new bail bond act is provision made for recovering money judgments against sureties on appeal bonds. Thus, we assume, because appellant does not say, that appellant means that § 1108 must apply. However, § 1108 does not specifically refer to appeal bonds either. As previously discussed, § 1330 would apply where there is a conflict with any previous law. In other words, one of the two sections, 1108 or 1330 has to apply and since nothing in § 1108 includes appeal bonds, and nothing in § 1330 excludes appeal bonds, we must conclude that § 1330 applies to appeal bonds. A conflict existing between the two, then naturally § 1330 would apply. *Resolute Ins. Co. v. State,* supra.

■■ Appellant argues that Ford wrote his attorney from Virginia offering to waive extradition upon his release from the Virginia authorities and, as a result of appellant's actions, Ford was returned to Oklahoma. This, argues appellant, shows appellant's *due diligence* in his apprehend-

ing and returning Ford; a sufficient showing to excuse Ford's failure to appear in Oklahoma on the date the forfeiture order was made. Therefore, the argument concludes, the trial court abused its discretion in refusing to vacate the bond forfeiture.

Such an argument is unique because it has absolutely nothing to do with the issues of this case. To begin with, even if due diligence of appellant was pertinent, how could due diligence used *after* Ford failed to appear possibly excuse Ford's appearance?

The key thing appellant overlooks and never mentions, with good reason, is the condition of the bond undisputably violated by Ford, viz., departing from the State of Oklahoma without leave of the court. When Ford departed without leave of the court, he violated a statutory condition of his bond. His subsequent incarceration, offer to return to Oklahoma without extradition and due diligence of his bondsman in returning him to Oklahoma, would not be sufficient to excuse his failure to appear nor exonerate the sureties upon the bond. *Resolute Ins. Co. v. State,* supra. Section 1332 of the new Act provides that to set aside the forfeiture there must be a showing of good cause. *Resolute* makes it clear under the facts of this case that Ford's being in custody in Virginia would not be good cause shown such as would excuse his failure to appear or exonerate the sureties upon the bond.

Affirmed.

NEPTUNE, P. J., and BRIGHTMIRE, J., concur.