**Robert Lee FRAIZER, Appellant,**

v.

**The CITY OF TULSA, Appellee.**

**No. A–17612.**

Court of Criminal Appeals of Oklahoma.

March 9, 1973.

Larry L. Oliver, Tulsa, for appellant.

Richard J. Kallsnick, Asst. City Prosecutor, for appellee.

BUSSEY, Justice:

On the 25th day of July, 1972, this Court granted certiorari from the judgment and sentence rendered against Robert Lee Fraizer, hereinafter referred to as defend-

ant, in the Tulsa Municipal Court. The minutes of that court reflect the following:

"6-13-72 Arr.—Plead Guilty Fined $300 & cost—Sentenced to 90 days in City Jail—Pass to 7/13 for Payment.
Judge Pearce

6-15-72 Defendant having been sentenced to serve a term of 90 days in the City Jail—Defendant is allowed to serve this time on (10) weekends to began [sic]—Friday, June 16, 8pm and released Monday, June 19, 5am. This time schedule is to continue until (10) weekends are served.. fine and cost in the amount of $305 to be paid 7/13/72           Judge Downie

6-16-72 Motion for New Trial filed 6/16/72

6-16-72 MOTION FILED—Sentence of 6-13-72 stayed pending Hearing on Motion on 6-27-72

6-26-72 MOTION OVER-RULED

7-7-72 ORDER OVER-RULING MOTION FOR NEW TRIAL—FILED

7-7-72 EXCEPTION ALLOWED Judge Pearce

7-25—72 PETITION FOR WRIT OF CERTIORARI Filed 7/25/72

8-18-72 ORDER GRANTING WRIT OF CERTIORARI—Filed 8/18/72."

Defendant contends that the trial court did not advise him of his right to counsel or the appointment of counsel prior to the entering of his plea and the court further erred in refusing to grant him a new trial. Defendant has attached to his brief an Affidavit wherein he states, in pertinent part:

"   .   .   .   and that at no time did the Judge advise me that I was entitled to or that he would appoint counsel to represent me."

In the brief filed on behalf of the City of Tulsa, it is asserted that the trial court did advise the defendant of his right to counsel and that he waived the same. Attached to said brief is the Affidavit of William R. Moss, Assistant City Prosecutor which states in substance that he advised the defendant of his rights and that upon his appearance before the trial court the judge advised the defendant of his rights and that he waived the same.

Such Affidavits are contradictory with each other and cannot be considered as a part of the record, which recites only that the defendant pled guilty and was sentenced to 90 days imprisonment and a fine of $300 and costs.

In Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, it was held that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. In Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, the Supreme Court of the United States held that presuming waiver of counsel from a silent record is impermissible.

■ In the instant case the record is completely devoid of any competent evidence to establish that the defendant was advised of his right to counsel, or if indigent, to have counsel appointed for him, nor does it affirmatively appear that the defendant knowingly and intelligently waived his right to counsel. We therefore hold that this case must be reversed and remanded for a new trial.

■ We observe that in all future cases the trial court should make a record prior to accepting a plea of guilty, advising the defendant of his right to a jury trial, right to counsel, right to have counsel appointed for him, if indigent, and in the event that the defendant wishes to waive such right, it must affirmatively appear of record.

BLISS, P. J., and BRETT, J., concur.