OSCN Found Document:PERRY v. CITY OF NORMAN

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PERRY v. CITY OF NORMAN
2014 OK 119
Case Number: 113109
Decided: 12/16/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 119, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ROBERT RILEY PERRY, Plaintiff/Appellant,
v.
THE CITY OF NORMAN, a municipal corporation, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF CLEVELAND COUNTY

Honorable Tracy Schumacher, Trial Judge

¶0 The plaintiff/appellant, Robert Perry, filed a lawsuit against the defendant/appellee, City of Norman, alleging that, after Norman police officers beat Perry, he required several surgeries. Perry alleged the City was liable for the police officer's use of excessive force in violation of art. 2, §30 of the Okla. Const. pursuant to our pronouncement in Bosh v. Cherokee Building Authority, 2013 OK 9, 305 P.3d 994. The City sought to dismiss the lawsuit arguing that: 1) a Bosh claim is inapplicable to police officers, but even if it were applicable, such a claim is only available when a plaintiff otherwise has no recourse; and 2) Perry should have sought to recover pursuant to the Oklahoma Governmental Tort Claims Act, (OGTCA) 51 O.S. 2011 §§151 et seq. The trial court dismissed the action. Perry appealed and we retained the cause. We hold that a Bosh v. Cherokee Building Authority, 2013 OK 9, 305 P.3d 994, claim for excessive force against a municipality, as applied to police officers and other law enforcement personnel, may not be brought against a municipality when a cause of action under the OGTCA is available.

TRIAL COURT AFFIRMED.

Rand C. Eddy, Riley W. Mulinix, Oklahoma City, Oklahoma, for Appellant.
Rickey J. Knighton II, Kristina Bell, Norman, Oklahoma, for Appellee.

KAUGER, J.:

¶1 The dispositive question presented is whether a Bosh v.Cherokee Building Authority, 2013 OK 9, 305 P.3d 994, claim for excessive force against a municipality, as applied to police officers and other law enforcement personnel, exists if an alternative cause of action may be pursued under the Oklahoma Governmental Tort Claims Act, 51 O.S. 2011 §§151 et seq. (OGTCA). We hold that a Bosh v. Cherokee Building Authority, 2013 OK 9, 305 P.3d 994, claim for excessive force, as applied to police officers and other law enforcement personnel, may not be brought against a municipality when a cause of action under the OGTCA is available.

ALLEGED FACTS

¶2 According to the appellant, Robert Riley Perry (Perry), he and his friends attended the Norman Music Festival (Festival) in Norman, Oklahoma, on April 26, 2013. At approximately 2:00 a.m. on the early morning of April 27, 2013, Perry and his friends left the Festival on bicycles to go home. On the way home, a Norman police officer, also on a bicycle, approached Perry's friends. The officer began issuing citations to Perry's friends for running a stop sign on their bicycles.

¶3 The officer also asked Perry if he was interfering with the traffic stop. Perry responded that he was just waiting for his friends so they could continue home. The officer then rapidly approached Perry and threw his arm, with nightstick in hand, around Perry's throat and placed him in a choke hold with extreme force to his neck. Perry, frightened, began fighting for air and struggled to get out of the choke hold in order to breathe.

¶4 As more police officers arrived at the scene, they slammed Perry over onto his stomach with several officers' knees and elbows pressed into his back and limbs, forcing him to the ground. Perry had committed no crime and was not resisting arrest. While on the ground, an officer grabbed Perry's arm and violently and quickly twisted it back causing the bone behind his elbow to sustain a large fracture. Perry experienced extreme pain and tunnel vision and eventually became unconscious from the shock of the fracture and the lack of air due to the choke hold.

¶5 As a result of the attack, Perry has undergone several medical procedures including two surgeries due to the arm fracture. On March 20, 2014, Perry filed a lawsuit in the District Court of Cleveland County against the City of Norman (the City), which was the police officers' employer. He did not name any of the individual police officers involved as defendants. Perry alleged that the police officers, acting within the scope and course of their employment with the City, acted with the intent to use excessive force in violation of art. 2, §30 of the Oklahoma Constitution.[1] He also alleged that the City was liable for the police officers' use of excessive force under the doctrine of respondeat superior because the officers were acting within the scope of their employment when the incident occurred.

¶6 On April 15, 2014, the City filed a motion to dismiss, arguing that: 1) Bosh v. Cherokee Building Authority, 2013 OK 9, 305 P.3d 994, our most recent constitutional excessive force case, was inapplicable to police officers; 2) the relief sought was available on non-constitutional grounds; and 3) Perry did not allege any facts which would support a cognizable legal theory to recover from the City.

¶7 In an order filed July 9, 2014, the trial court granted the City's motion to dismiss. It determined that: 1) although the rationale of Bosh v. Cherokee County Governmental Building Authority, 2013 OK 9, 305 P.3d 994 applies to police officers, Bosh only recognized a cause of action for those who would otherwise not have one; and 2) because Perry has an alternative cause of action under the OGTCA, he had failed to state a Bosh claim. Perry appealed the trial court's dismissal on August 6, 2014, and requested that we retain this public interest cause. We retained the appeal on September 5, 2014.

A Bosh v. Cherokee Building Authority, 2013 OK 9, 305 P.3d 994, CLAIM FOR EXCESSIVE FORCE AGAINST A MUNICIPALITY, AS APPLIED TO POLICE OFFICERS AND OTHER LAW ENFORCEMENT PERSONNEL, MAY NOT BE BROUGHT WHEN A CAUSE OF ACTION UNDER THE OKLAHOMA GOVERNMENTAL TORT CLAIMS ACT, 51 O.S. 2011 §§151 et seq. (OGTCA) IS AVAILABLE.

¶8 Perry argues that our holding last year in Bosh v. Cherokee County Governmental Building Authority, 2013 OK 9, 305 P.3d 994, applies to this cause and the trial court erred in dismissing his lawsuit. The City contends that Bosh, supra, is inapplicable because Perry has a remedy available pursuant to the OGTCA.

¶9 In Bosh, supra, the United States District Court for the Eastern District of Oklahoma certified four questions to this Court which we reformulated into three. All three questions concerned the right of a detention center detainee to bring a cause of action for excessive force against jailers for injuries sustained when the jailers attacked the detainee. Bosh was the progeny of Washington v. Barry, 2002 OK 45, 55 P.2d 1036. Although the plaintiff in Washington failed to successfully state an actionable claim, we recognized that a private constitutional excessive force action may exist for prison inmates against prison officials.

¶10 As a result of the attack, the Bosh detainee filed a lawsuit against the detention center. The detention center asserted that it was immune from state tort claims based on exemptions from liability provided by the OGTCA, specifically, for the operation of any prison, jail or correctional facility.[2] The detainee argued that regardless of what the OGTCA immunizes, the Okla. Const. art. 2, §30 [3] protects citizens from being physically abused by the employees of state and local entities that operate jails and correctional facilities, and such protection includes legal liability for such conduct.

¶11 We held that the Oklahoma Constitution, art. 2, §30[4] provides a detainee a private cause of action for excessive force notwithstanding the OGTCA. In doing so, we recognized the common law doctrine of respondeat superior which holds that:

1) a principal or employer is generally held liable for the wilful acts of an agent or employee acting within the scope of the employment in furtherance of assigned duties;[5]

2) employer liability extends when an employee's conduct is an assault of excessive force if the conduct also occurs within one's scope of employment;[6] and

3) one acts within the scope of employment if engaged in work assigned, or if doing what is proper, necessary and usual to accomplish the work assigned or doing that which is customary within the particular trade or business.[7]

¶12 For most occupations, committing an assault of excessive force on a third person would not be within the scope of an employee's employment, but there are certain occupations in which an employee's act is within the scope of employment if it is incidental to some service being performed for the employer or it arises out of an emotional response to actions being taken for the employer. Some examples of such occupations are police officers (whether on or off duty),[8] daycare givers,[9] nursing home caregivers,[10] repossessors,[11] and jailers,[12] among others.

¶13 The complexity arises when the employer is a governmental entity or municipality such as the City in this cause because different rules apply. In Oklahoma, governmental entities who were once protected from tort liability through the doctrine of governmental immunity, were allowed to be sued when the Court, in Vanderpool v. State, 1983 OK 82, 672 P.2d 1153, abrogated the doctrine and acknowledged the Legislature's right to enact sovereign immunity by statute.

¶14 The Legislature's Political Subdivision Tort Claims Act, now known as the OGTCA, became the exclusive remedy for an injured plaintiff to recover against a governmental entity in tort. Subject to specific limitations and exceptions, governmental immunity was waived under the OGTCA and governmental accountability was extended to torts for which a private person would be liable, unless they were committed in bad faith or in a malicious manner.

¶15 Under the OGTCA, the question for governmental employer liability also hinges on whether one acted within the scope of employment by engaging in work assigned, or if doing what was proper, necessary and usual to accomplish the work assigned, or doing that which was customary within the particular trade or business. Consequently, governmental employees such as police officers, whether on duty or off duty, have been held to the possibility their conduct and use of excessive force may have occurred within the scope of employment subjecting their employers to liability.

¶16 In paragraphs 22 and 23 of Bosh, supra, we said:

The Okla. Const. art. 2, §30 applies to citizens who are seized -- arrestees and pre-incarcerated detainees. In Washington, we declared that, not withstanding the provision of the OGTCA, a private action for excessive force exists pursuant to the Okla. Const. art 2, §9 for incarcerated persons. Having done so, and having explained that those not yet convicted are assured of even greater rights, it would defy reason to hold that pre-incarcerated detainees and arrestees are not provided at least the same protections of their rights, the same cause of action for excessive force under the Okla. Const. art. 2, §30.

The OGTCA cannot be construed as immunizing the state completely from all liability for violations of the constitutional rights of its citizens. To do so would not only fail to conform to established precedent which refused to construe the OGTCA as providing blanket immunity, but would also render the Constitutional protections afforded the citizens of this State as ineffective, and a nullity. Therefore we answer the reformulated question and hold that the Okla. Const. art 2, §30 provides a private cause of action for excessive force, notwithstanding the requirements and limitations of the OGTCA. (Citations omitted, emphasis supplied.)

¶17 Under this rationale, our holding in Bosh v. Cherokee Building Authority, 2013 OK 9, 305 P.3d 994, is applicable to police officers and any other law enforcement personnel applying excessive force against a citizen. The distinguishing fact here is that the Bosh plaintiff was barred from bringing an action under the provisions of the OGTCA, and the plaintiff in this cause is not.

¶18 In Bosh, the applicable provisions of the OGTCA expressly immunized the state and political subdivisions such as counties and municipalities from liability arising out of the operation of prison facilities.[13] Consequently, without the excessive force action brought under the Oklahoma Constitution, the Bosh plaintiff would have had no avenue for recovery for his injuries whatsoever.

¶19 Here, employer liability for police officer's alleged excessive force conduct under the OGTCA is well settled.[14] Because the plaintiff could have brought a claim for excessive force against the City under the OGTCA and potentially recovered for that claim, he was not left without a remedy. There is no rationale requiring the extension of a Bosh excessive force action brought under the Okla. Const. art. 2, §30 to this cause. Rather, the plaintiff's remedy belongs exclusively within the confines of the OGTCA and a jury's determination concerning whether the police officers were acting within the scope of their employment under the OGTCA, 51 O.S. 2011 §§151 et. seq.

CONCLUSION

¶20 The OGTCA cannot be construed as immunizing the state completely from all liability for violations of the constitutional rights of its citizens. To do so, would not only fail to conform to established precedent which refused to construe the OGTCA as providing blanket immunity, but would also render the Constitutional protections afforded the citizens of this State as ineffective. This is a harsh result; however, pursuant to our previous pronouncement in Bosh v. Cherokee Building Authority, 2013 OK 9, 305 P.3d 994, claims for excessive force against a municipality may not be brought against a governmental entity when a cause of action under the OGTCA is available. Because the plaintiff did not seek retribution for his injuries under the OGTCA, the trial court did not err in dismissing the cause.

TRIAL COURT AFFIRMED.

REIF, V.C.J., KAUGER, EDMONDSON, COMBS, JJ., concur.

WINCHESTER, TAYLOR, JJ., concur by reason of stare decisis.

COLBERT, C.J., WATT, GURICH, JJ., dissent.

FOOTNOTES

[1] The Okla. Const. art. 2, §30 provides:

The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.

[2] Title 51 O.S. Supp. 2012 §155 provides in pertinent part:

The state or a political subdivision shall not be liable if a loss or claim results from:
...
24. Provision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from the parole or escape of a prisoner or injuries by a prisoner to any other prisoner; provided, however, this provision shall not apply to claims from individuals not in the custody of the Department of Corrections based on accidents involving motor vehicles owned or operated by the Department of Corrections;...

[3] The Okla. Const. art.2, §30, see note 1, supra.

[4] The Okla. Const. art.2, §30, see note 1, supra.

[5] Bosh v. Cherokee County Governmental Building Authority, 2013 OK 9, ¶9, 305 P.3d 994; Schovanec v. Archdiocese of Oklahoma City, 2008 OK 70, ¶5, 188 P.3d 158; N.H. Presbyterian Church, 1999 OK 88, ¶14, 998 P.2d 592.

[6] Bosh v. Cherokee County Governmental Building Authority, see note 5, supra; N.H. v. Presbyterian Church, see note 5, supra.

[7] Bosh v. Cherokee County Governmental Building Authority, see note 5, supra at ¶10; Tuffy's Inc. v. City of Oklahoma City, 2009 OK ¶7, 212 P.3d 1158; DeCorte v. Robinson, 1998 OK 87, ¶12, 969 P.2d 358; Nail v. City of Henryetta, 1996 OK 12, ¶11, 911 P.2d 914.

[8] Nail v. City of Henryetta, see note 7, supra, wherein a police officer shoved an intoxicated 15-year-old who was handcuffed and not resisting arrest; DeCorte v. Robinson, see note 7, supra [off duty police officer who helped arrest a civilian struck and injured civilian resulting in herniated disk]; Tuffy's Inc. v. City of Oklahoma City, see note 7, supra [Officers allegedly attacked, harassed and assaulted customers at night club]; Fuller v. Odom, 1987 OK 64, ¶3, 741 P.2d 449 [Officer causing a car accident]; Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dept., 2010 OK 9, ¶29, 230 P.3d 869 [Officer injured girl during arrest].

[9] Baker v. Saint Francis Hospital, 2005 OK 36, ¶18, 126 P.3d 602, [A jury question was presented as to whether a day care caregiver was acting within the scope of employment so as to hold her employer liable for intentionally striking a child's head on a corner of shelf.]

[10] Rodebush v. Oklahoma Nursing Home, Ltd., 1193 OK 160, 867 P.2d 1241 [Nursing home employee forcefully slapped combative Alzheimer's patient].

[11] Russell-Locke Super-Service v. Vaughn, 1935 OK 90, 40 P.2d 1090 [Employee fought with customer while attempting to repossess an automobile battery].

[12] Bosh v. Cherokee County Governmental Building Authority, see note 5, supra at ¶10; Washington v. Barry, 2002 OK 45, 55 P.3d 1036.

[13] Title 51 O.S. Supp. 2012 §155, see note 3, supra.

[14] See 51 O.S. 2011 §§155(4), 155(6), 155(16) and the cases which have determined that the OGTCA cannot be construed as providing blanket immunity for police officers acting within the scope of their employment. Nail v. City of Henryetta, see note 7, supra wherein a police officer shoved an intoxicated 15-year-old who was handcuffed and not resisting arrest; DeCorte v. Robinson, see note 7, supra [off duty police officer who helped arrest a civilian struck and injured civilian resulting in herniated disk]; Tuffy's Inc. v. City of Oklahoma City, see note 7, supra [Officers allegedly attacked, harassed and assaulted customers at night club]; Fuller v. Odom, see note 8, supra [Officer causing a car accident]; Morales v. City of Oklahoma City ex rel. Oklahoma City Police Dept., see note 8 supra [Officer injured girl during arrest].






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 64, 741 P.2d 449, 58 OBJ 2057, Fuller v. Odom
Discussed
 1993 OK 160, 867 P.2d 1241, 64 OBJ 3709, Rodebush By and Through Rodebush v. Oklahoma Nursing Homes, Ltd.
Cited
 1935 OK 90, 40 P.2d 1090, 170 Okla. 377, RUSSELL-LOCK SUPER-SERVICE v. VAUGHN
Discussed
 1999 OK 88, 998 P.2d 592, 70 OBJ 3260, N.H. v. Presbyterian Church (U.S.A.)
Discussed
 2002 OK 45, 55 P.3d 1036, WASHINGTON v. BARRY
Discussed at Length
 2005 OK 36, 126 P.3d 602, BAKER v. SAINT FRANCIS HOSPITAL
Discussed
 1996 OK 12, 911 P.2d 914, 67 OBJ 525, Nail v. City of Henryetta
Discussed
 2008 OK 70, 188 P.3d 158, SCHOVANEC v. ARCHDIOCESE OF OKLAHOMA CITY
Discussed
 2009 OK 4, 212 P.3d 1158, TUFFY'S, INC. v. CITY OF OKLAHOMA CITY
Cited
 2010 OK 9, 230 P.3d 869, MORALES v. CITY OF OKLAHOMA CITY ex rel. OKLAHOMA CITY POLICE DEPT.
Discussed
 2013 OK 9, 305 P.3d 994, BOSH v. CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY
Discussed at Length
 1998 OK 87, 969 P.2d 358, 69 OBJ 3096, Decorte v. Robinson
Discussed
 1983 OK 82, 672 P.2d 1153, Vanderpool v. State
Discussed
Title 51. Officers
 Cite
Name
Level

 51 O.S. 155, Exemptions From Liability
Discussed at Length
 51 O.S. 151, Short Title
Discussed at Length