TAYLOR v. CITY OF BIXBY



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:TAYLOR v. CITY OF BIXBY

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 TAYLOR v. CITY OF BIXBY
2018 OK CIV APP 18
Case Number: 114686
Decided: 05/01/2017
Mandate Issued: 03/21/2018
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2018 OK CIV APP 18, __ P.3d __

 



GERON R. TAYLOR, Plaintiff/Appellant,
v.
THE CITY OF BIXBY, OKLAHOMA, a municipal corporation, Defendant/Appellee.





APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA


HONORABLE DANA L. KUEHN, TRIAL JUDGE





AFFIRMED IN PART, REVERSED IN PART AND 
REMANDED FOR FURTHER PROCEEDINGS





Steven R. Hickman, FRASIER, FRASIER & HICKMAN, LLP, Tulsa, Oklahoma, for Plaintiff/Appellant


Thomas A. LeBlanc, Matthew B. Free, BEST & SHARP, Tulsa, Oklahoma, for Defendant/Appellee







JOHN F. FISCHER, PRESIDING JUDGE:



¶1 Geron Taylor appeals the district court's judgment in favor of the City of Bixby in this civil rights action. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp. 2013, ch. 15, app. 1, and the matter stands submitted without appellate briefing. The City is entitled to judgment with respect to Taylor's tort claims and his State and federal constitutional claims except in one respect. It cannot be determined from the summary judgment record whether Taylor has a claim based on the ten days he served in the City's jail after his arrest for speeding and driving without a license. In all other respects, the district court's judgment is affirmed. This case is remanded for a determination of whether Taylor has a claim based on his ten-day incarceration.


BACKGROUND


¶2 On September 8, 2011, Taylor was stopped by a Bixby police officer for driving 49 miles per hour in a 40-mile per hour speed zone. During the interrogation that followed, Taylor failed to produce a driver's license, admitted that he did not have a driver's license and admitted that he had never possessed a valid driver's license. Taylor was arrested and charged with speeding and driving without a license. It was subsequently determined that Taylor had been convicted of driving without a valid driver's license on nine previous occasions. On October 4, 2011, Taylor appeared in the Bixby Municipal Court pro se and entered a plea of guilty to both the speeding and driver's license charges. He was fined $703 and sentenced to ten days in the City jail. Taylor served the jail time but did not pay the fine.


¶3 Represented by counsel, Taylor filed this case on January 20, 2012, after his release from jail, asserting violations of his Oklahoma and federal constitutional rights as well as Oklahoma tort law claims. In support of these claims, Taylor alleged facts concerning his arrest, conviction and the conditions of his confinement and treatment while incarcerated. The City was named as the only defendant and removed the case to the United States District Court for the Northern District of Oklahoma. The City filed a motion for summary judgment to which Taylor responded. By order dated December 12, 2012, the federal court granted the City's motion, in part, denied it in part, and remanded the case to the state district court for further proceedings. With respect to some of the issues, the federal court determined that Taylor had failed to exhaust available state remedies. The following day, Taylor filed a pro se application for post-conviction relief in Bixby Municipal Court.


¶4 In his post-conviction application, Taylor argued that prior to pleading guilty, he was not advised of his right to counsel, right to a jury trial, right to appeal, right to bond pending appeal and that he was fined in excess of the maximum permitted by law. On May 3, 2013, the Bixby Municipal Court allowed Taylor to withdraw his original guilty plea, vacated the October 4, 2011 judgment and granted Taylor a new trial. The court's order states Taylor "was not advised of his right to appeal the decision of the Court or the right to withdraw his plea . . . ." The City appointed counsel to represent Taylor and his case was tried to a jury on August 1, 2013. The jury found Taylor guilty of driving without a valid driver's license.[1] The Judgment and Sentence was entered on February 6, 2014. This time Taylor was fined $300, the maximum fine allowed for driving without a license, and ordered to pay court costs in the amount of $51, both of which he paid. The Judgment and Sentence does not impose or refer to any jail time.


¶5 The City then filed a motion for summary judgment in this case and Taylor filed a response. Taylor appeals the district court's January 8, 2016 Final Order and Journal Entry of Judgment granting the City's motion for summary judgment, and finding that Taylor had not and would not be able to state a claim for relief based on the circumstances of his arrest, conviction and incarceration.


STANDARD OF REVIEW


¶6 Title 12 O.S.2011 § 2056 governs the procedure for summary judgment in this case. A motion for summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Id. If the moving party has not addressed all material facts, or if one or more of such facts is not supported by acceptable evidentiary material, summary judgment is not proper. Spirgis v. Circle K Stores, Inc., 1987 OK CIV APP 45, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court). The de novo standard controls an appellate court's review of a district court order granting summary judgment. Carmichael v. Beller, 1996 OK 48, ¶ 2, 914 P.2d 1051. De novo review involves a plenary, independent, and non-deferential examination of the trial court's rulings of law. In re Estate of Bell-Levine, 2012 OK 112, ¶ 5, 293 P.3d 964.


ANALYSIS


¶7 Taylor's petition, as clarified by his summary judgment submissions, asserts five theories of liability against the City: (1) unreasonable seizure in violation of Article 2 § 30 of the Oklahoma Constitution based on the allegation that he was stopped and arrested because he was black, (2) violation of the Eighth Amendment to the United States Constitution and Article 2 § 9 of the Oklahoma Constitution prohibiting excessive fines and cruel and unusual punishment based on his alleged treatment and the conditions during his ten-day incarceration and the allegation that he was fined in excess of the maximum permitted by City ordinance, (3) violation of Article 2 § 19 of the Oklahoma Constitution guaranteeing a jury trial in criminal proceedings based on the allegation that he was not advised of his constitutional rights before he pled guilty, (4) violation of the Sixth Amendment to the United States Constitution and Article 2 § 20 of the Oklahoma Constitution providing a right to counsel in criminal proceedings based on the same allegation, and (5) violation of Oklahoma tort law -- assault and battery and the tort of outrage -- based on the allegations regarding his treatment while imprisoned, including the allegation that he was assaulted when jailors pointed their weapons at him, denied adequate food and water and subjected to racial slurs. First, we review Taylor's petition and the federal court's judgment to determine what claims survived the federal court proceeding.


I. Taylor's State Constitutional Claims


¶8 In his summary judgment briefing, Taylor cites seven Oklahoma constitutional rights he claims were violated by the City. In addition to the Oklahoma constitutional provisions cited in the previous paragraph, Taylor relies on Article 2 § 2 guaranteeing the right to life, liberty and the pursuit of happiness, and Article 2 § 6 guaranteeing a speedy and certain remedy for every wrong in the courts of this State. Taylor claims he has a private right of action to pursue violations of each of these constitutional rights, citing Bosh v. Cherokee County Governmental Building Authority, 2013 OK 9, 305 P.3d 994.


¶9 In Bosh, a pretrial detainee alleged that he was subjected to excessive force by law enforcement officials during the booking process at a county detention facility. The Court held that Bosh had a private right of action to enforce a claim of excessive force pursuant to Article 2 § 30 of the Oklahoma Constitution even though the county was exempt from tort liability pursuant to the Governmental Tort Claims Act, 51 O.S.2011 §§ 1 to 172. Id. ¶ 23. Whether the holding in Bosh establishes a private right of action pursuant to other provisions of the Oklahoma Constitution has not been entirely settled. "There has been disagreement among Oklahoma's lower federal and state courts regarding the scope of Bosh's holding." Daffern v. Rhodes, No. CIV-16-1025-C, 2016 WL 7429454 at *3 (W.D. Okla. Dec. 23, 2016). We examine the holding in Bosh to determine the extent to which Taylor may maintain his asserted State constitutional claims.


A. Article 2 § 30


¶10 Article 2 § 30 protects the "right of the people to be secure in their persons . . . against unreasonable searches or seizures . . . ." The federal court declined to exercise its supplemental jurisdiction, remanding this claim for determination by the state district court. Certainly, Bosh establishes a private right of action available to pretrial detainees subjected to excessive and unreasonable force, in certain circumstances, after an arrest. It would "defy reason" to refuse to extend the holding in Bosh to pretrial detainees who claim they were unlawfully arrested merely because of their race. Bosh, 2013 OK 9, ¶ 22. Article 2 § 30 "applies to citizens who are seized . . . ." Id. Taylor has a private right of action to pursue his false arrest claim but only if a cause of action pursuant to the Governmental Tort Claims Act is not available. Perry v. City of Norman, 2014 OK 119, ¶ 1, 341 P.3d 689. We need not address that issue.


¶11 The City's motion for summary judgment asserts as undisputed material facts that Taylor was stopped for speeding, during the stop Taylor admitted that he did not have a valid driver's license and he had never possessed a valid driver's license, and Taylor was arrested for driving without a license. Taylor's response to the City's motion admits each of these facts. Consequently, Taylor admits, for summary judgment purposes, that he was not arrested because he was black and that there was probable cause for his arrest. The district court's judgment in favor of the City with respect to Taylor's Article 2 § 30 claim based on the circumstances of his arrest is affirmed.


¶12 But Taylor's summary judgment briefing also argues that he has an Article 2 § 30 claim that applies to the conditions of his ten-day incarceration after the Bixby Municipal Court vacated his October 4, 2011 conviction. According to Taylor's theory, his Article 2 § 30 claim based on his treatment during incarceration in October 2011 did not arise until May 3, 2013, after his original conviction was vacated and he was released from jail. Taylor's theory of recovery is novel, and unsupported by any authority. At the time the treatment occurred about which Taylor complains, he had been convicted. And, he was subsequently convicted again after his original conviction was vacated. To follow Taylor's theory to its logical conclusion, his Article 2 § 30 claim arose on May 3, 2013, when his original conviction was vacated. Therefore, the claim would have been extinguished on August 1, 2013, when he was convicted a second time for the same offense. We find instructive the United States Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). Taylor "has no cause of action under § 1983 unless and until [his] conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. at 489. For the reasons discussed in Part I (B) of this Opinion, Taylor's Article 2 § 30 claim is limited to the allegations concerning his arrest and the City is entitled to judgment regarding that claim.


B. Article 2 § 9


¶13 Because his conviction was not vacated until after his incarceration, an Article 2 § 30 claim is not available to Taylor with respect to his complaints regarding the conditions of his confinement. See Bryson v. Oklahoma County, 2011 OK CIV APP 98, ¶¶ 14, 28, 261 P.3d 627 (noting that only pretrial detainees have a claim for relief pursuant to Article 2 § 30 concerning their conditions of confinement)(cited with approval in Bosh, 2013 OK 9, ¶ 24). However, because Taylor was incarcerated as a result of his conviction, his claim arising from the conditions of his confinement is based on Article 2 § 9. See Washington v. Barry, 2002 OK 45, 55 P.3d 1036. That constitutional provision also authorizes Taylor's claim that his original fine was excessive. Neither aspect of this claim is precluded by the holding in Perry v. City of Norman, 2014 OK 119, 341 P.3d 689. The City is immune from prosecution pursuant to the Governmental Tort Claims Act regarding the operation of its jail. See 51 O.S.2011 § 155(25). Therefore, Taylor has stated a potential claim for violation of Article 2 § 9.


C. Article 2 § 7, Due Process of Law


¶14 The basis of Taylor's due process claim is not clear but seems to concern the fact that he entered a guilty plea without being advised of his right to counsel and a jury trial. This Court extended the holding in Bosh to provide a private right of action for due process violations pursuant to Article 2 § 7 by or on behalf of children in State custody. See GJA v. Okla. Dep't of Human Servs., 2015 OK CIV APP 32, 347 P.3d 310; Deal v. Brooks, 2016 OK CIV APP 81, ___ P.3d ___ (approved for publication by the Oklahoma Supreme Court). We find nothing in the analysis or authority relied on in Deal to suggest that its holding must be limited to children in State custody. In fact, Deal merely extended to children the jurisprudence previously recognizing the due process rights of mentally retarded adults in state custody. Youngberg v. Romeo, 457 U.S. 307, 102 S. Ct. 2452 (1982).


¶15 In Howard v. Grady County Criminal Justice Authority, 2017 OK CIV APP 7, __ P.3d __, a divided panel of this Court assumed without deciding that a prisoner had a private right of action for due process violations pursuant to Article 2 § 7. Today, we decide that the protections of Article 2 § 7 extend to prisoners, like Taylor, in State custody because of incarceration. Taylor has a private right of action for any due process violation pursuant to Article 2 § 7 of the Oklahoma Constitution subject to the limitations imposed by the Supreme Court in Perry v. City of Norman, 2014 OK 119, 341 P.3d 689.


D. Article 2 §§ 19 and 20


¶16 The right to counsel and a trial by jury in criminal proceedings is firmly established in this State. "[A] municipality's power to imprison an indigent person must be exercised in the context of providing that person counsel for the process which results in his or her imprisonment . . . ." Dutton v. City of Midwest City, 2015 OK 51, ¶ 22, 353 P.3d 532. See A.E. v. State, 1987 OK 76, ¶ 22, 743 P.2d 1041 ("Insofar as the constitutional right to jury trial exists, it cannot be annulled, obstructed, impaired, or restricted by legislative or judicial action."). No Oklahoma case has addressed whether a private right of action exists pursuant to Article 2 § 19 or § 20 to a person denied the right to counsel or a jury trial in an Oklahoma criminal proceeding. For the following reasons, we hold that there is no private right of action.


¶17 The federal district court dismissed Taylor's Sixth Amendment claim without prejudice, finding that he had yet to pursue available State post-conviction relief so it could not be determined whether Taylor had a cause of action for violation of his right to counsel. Subsequently, Taylor sought State post-conviction relief and was successful in having the conviction based on his guilty plea vacated. At his second trial, Taylor was provided court-appointed counsel and a jury trial. The jury convicted Taylor of driving without a license and he has not appealed that conviction.


¶18 There is a material difference between Taylor's Sixth Amendment claim and his Article 2 § 20 claim. Each claim provides a basis for overturning a conviction when the accused has been denied counsel. See Fraizer v. City of Tulsa, 1973 OK CR 131, 507 P.2d 940. But only the federal claim provides an additional damage remedy through 42 U.S.C. § 1983. This Court has concurrent jurisdiction of section 1983 claims. Howlett v. Rose, 496 U.S. 356, 358, 380-81, 110 S. Ct. 2430, 2433, 2445-46 (1990). But that remedy is limited to violations of federal constitutional rights and Taylor did not refile his Sixth Amendment claim after it was dismissed without prejudice by the federal court. In contrast to section 1983, no Oklahoma statute provides a civil remedy in damages for a violation of Article 2 § 20. The statute permitting those wrongfully convicted to recover damages, 51 O.S.2011 § 154, is unavailable to Taylor. He was not convicted of a felony, he pled guilty, and he has not been pardoned or judicially absolved of guilt after a finding of innocence. See 51 O.S.2011 § 154(B).[2] Just the opposite, Taylor was convicted after his second trial and did not appeal.


¶19 For the same reasons, we find that Taylor does not have a civil remedy in damages for a violation of Article 2 § 19, noting that he was provided a jury trial prior to his second conviction. The district court correctly granted the City's motion for summary judgment regarding these alleged constitutional violations and that aspect of the district court's judgment is affirmed.


E. Article 2 §§ 2 and 6


¶20 Article 2 § 2 provides: "All persons have the inherent right to life, liberty, the pursuit of happiness, and the enjoyment of the gains of their own industry." Section 6 provides: "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice." Other than to claim that the City violated Article 2 § 2 on October 4, 2011, when he "appeared in court," Taylor does not support these alleged constitutional violations with any specific factual contentions. We are unable to find anything more than a generalized relationship between those provisions and the harm Taylor claims in this case. For example, the courts of justice were open when Taylor obtained his post-conviction relief and they were open when Taylor filed this suit. The district court determined that Taylor had "not sufficiently stated claims for violation of his constitutional rights." With respect to Article 2 §§ 2 and 6, we agree. That aspect of the district court's judgment is affirmed.


II. The Surviving Claims


¶21 Consequently, we hold that Taylor has potentially stated a claim for violation of two provisions of Article 2 of the Oklahoma Constitution: section 9 concerning cruel and unusual punishment and excessive fines, and section 7 concerning due process. Taylor has also stated State tort law claims for assault and battery and the tort of outrage.


A. Article 2 § 9, Cruel and Unusual Punishment


¶22 Taylor's petition alleges that he was subjected to cruel and unusual punishment while he was incarcerated because he was denied toilet paper, an adequate shower, a warm blanket, adequate food and water and subjected to excessive force and racial slurs. He claims this was a violation of his rights protected by the Eighth Amendment to the United States Constitution and Article 2 § 9 of the Oklahoma Constitution.


¶23 In its analysis of this claim, the federal district court applied the two-step analysis established in Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994), for violations of the United States Constitution and found that Taylor failed both prongs of the Farmer test. First, the court determined that the conditions about which Taylor complained were not "sufficiently serious" to constitute a constitutional violation. Id. at 834. Second, the court found that Taylor had failed to show "deliberate indifference" by jail officials to a substantial risk of serious harm posed by the conditions about which Taylor complained. Id. The federal court granted the City judgment as to Taylor's Eighth Amendment claim based on the conditions of his confinement. Taylor did not appeal and that judgment is now final. As the City correctly argues, that judgment precludes Taylor from relitigating the same issue in State court. Once a court has decided an issue necessary to its judgment, the same parties may not relitigate that issue. Okla. Dep't of Pub. Safety v. McCrady, 2007 OK 39, ¶ 7, 176 P.3d 1194.


¶24 However, the federal court declined to exercise its supplemental jurisdiction regarding Taylor's state law constitutional claims, remanding those claims for resolution by the state district court. Further, the federal court's resolution of Taylor's Eighth Amendment claim does not necessarily resolve Taylor's state law claim based on Article 2 § 9 of the Oklahoma Constitution. "The state of Oklahoma in the exercise of its sovereign power may provide more expansive individual liberties than those conferred by the United States Constitution . . . ." Bosh v. Cherokee Cty. Governmental Bldg. Auth., 2013 OK 9, n.42, 305 P.3d 994.


¶25 No Oklahoma Supreme Court decision has expressly adopted the Farmer two-prong test for determining when a violation of Article 2 § 9 has occurred. Farmer, 511 U.S. at 834. However, in Washington v. Barry, 2002 OK 45, 55 P.3d 1036, the Oklahoma Supreme Court recognized that State prisoners have a private right of action pursuant to Article 2 § 9 for claims of cruel and unusual punishment during incarceration. The Washington Court then applied the federal test for determining violations of the Eighth Amendment established in Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078 (1986), concerning claims of excessive force by prison officials when security measures are taken in response to prisoner disturbances. Washington, 2002 OK 45, ¶ 13. Whitley and Washington are, therefore, factually distinguishable from Taylor's claim. However, the Supreme Court's reliance on federal law in Washington suggests it would follow Farmer as well.


¶26 Further, in Estate of Crowell v. Board of County Commissioners, 2010 OK 5, 237 P.3d 134, the Oklahoma Supreme Court applied the Farmer test to an Eighth Amendment claim filed on behalf of a prisoner who died while incarcerated in a county jail. Although the facts would have supported a violation of Article 2 § 9 as well, the plaintiff did not assert that claim, relying solely on the federal constitution.[3] We conclude the Supreme Court would adopt the Farmer test, and it is the proper standard for evaluating Taylor's Article 2 § 9 claim. Therefore, Taylor's Article 2 § 9 claim of cruel and unusual punishment is precluded by the federal court's previous determination that the conduct about which Taylor complained lacked severity and the necessary indifference.


¶27 The district court correctly granted the City's motion for summary judgment regarding Taylor's Article 2 § 9 claim of cruel and unusual punishment during incarceration. That aspect of the district court's judgment is affirmed.


1. Excessive Fines


¶28 However, Taylor's claim that he was subjected to an excessive fine in violation of the Eighth Amendment and Article 2 § 9 of the Oklahoma Constitution is not precluded by the federal court's judgment. "Issue preclusion prevents relitigation of facts and issues actually litigated and necessarily determined in an earlier proceeding . . . ." Nealis v. Baird, 1999 OK 98, ¶ 51, 996 P.2d 438. The federal court did not address Taylor's excessive fine issue. Consequently, pursuant to our concurrent jurisdiction to decide federal section 1983 claims and our inherent jurisdiction to decide State constitutional matters, we review Taylor's State and federal constitutional claims regarding the imposition of excessive fines.


¶29 In Heck v. Humphrey, the United States Supreme Court addressed this issue.

We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 25 U.S.C. § 2254.


512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994). This Taylor cannot prove. Although it appears undisputed that the $700 fine originally imposed exceeded the City's maximum for driving without a license, because of post-conviction relief Taylor did not pay the fine. Taylor paid the $300 fine imposed after his second conviction and does not challenge the imposition of that fine in this case. Consequently, Taylor "has no cause of action under § 1983 unless and until [his] . . . sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Id. at 489. And, Taylor has cited no authority to suggest that the result would be different with respect to his Article 2 § 9 claim.


¶30 The district court correctly granted the City's motion for summary judgment regarding Taylor's excessive fine claim asserting violations of the Eighth Amendment and Article 2 § 9. That aspect of the district court's judgment is affirmed.


B. Article 2 § 7, Due Process


¶31 "A two-step inquiry is necessary to determine whether a plaintiff was denied procedural due process: (1) did the individual possess a protected interest to which due process protection was applicable? and (2) was the individual given an appropriate level of process?" Barnthouse v. City of Edmond, 2003 OK 42, ¶ 11, 73 P.3d 840. It is hard to imagine what more process Taylor was due than that which he was provided after his original conviction. Taylor's original conviction and sentence were vacated. Taylor was then provided court-appointed legal counsel who represented him during his jury trial on the charge of driving without a license. When Taylor was found guilty by the jury, his fine was $300 and did not exceed the maximum allowed. Taylor has not challenged his fine or conviction after the jury trial. "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558, 94 S. Ct. 2963, 2976 (1974). Taylor has failed to show the "abuse of power" with which the Due Process Clause of the Fourteenth Amendment to the United States Constitution is concerned. Daniels v. Williams, 474 U.S. 327, 332, 106 S. Ct. 662, 665 (1986). He also has failed to show that Article 2 § 7 requires more.


¶32 The district court correctly granted the City's motion for summary judgment regarding Taylor's due process claim asserting a violation of Article 2 § 7. That aspect of the district court's judgment is affirmed.


C. State Tort Claims


¶33 Taylor asserts two theories of tort liability, assault and battery and the tort of outrage. The predicate facts supporting these claims concern Taylor's treatment during and the conditions of his ten-day incarceration. As the City correctly argues: "The state or a political subdivision shall not be liable if a loss or claim results from: Provision, equipping, operation or maintenance of any prison, jail or correctional facility . . . ." 51 O.S.2011 § 155(25). The district court correctly granted the City's motion for summary judgment regarding Taylor's tort claims. That aspect of the district court's judgment is affirmed.


D. Ten-Day Incarceration


¶34 There is one aspect of Taylor's claim that cannot be resolved on summary judgment. After his guilty plea, Taylor was sentenced to and served ten days in the City jail. That sentence was vacated by the municipal court. But, the Judgment and Sentence subsequently imposed after his second conviction does not address jail time. Wrongful incarceration may support a claim for violation of constitutional rights. See Manuel v. City of Joliet, 580 U.S. ___, 137 S. Ct. 911 (2017); Stein v. Ryan, 662 F.3d 1114 (9th Cir. 2011). Therefore, it cannot be determined from the summary judgment record whether this resulted from a clerical omission, a finding that no additional jail time beyond the time served was warranted or a finding that the crime did not warrant the imposition of jail time. Further, because Taylor's original sentence was vacated after the federal court's judgment, any potential claim he has is not precluded by that ruling. Nealis v. Baird, 1999 OK 98, ¶ 51, 996 P.2d 438. Nonetheless, the City has failed to show that all facts material to its motion are supported by acceptable evidentiary material in this regard. Spirgis v. Circle K Stores, Inc., 1987 OK CIV APP 45, ¶ 10, 743 P.2d 682 (approved for publication by the Oklahoma Supreme Court). Consequently, summary judgment is not proper. Id.


CONCLUSION


¶35 The district court's judgment in favor of the City regarding a claim based on Taylor's ten-day incarceration in the City jail prior to the vacation of the conviction resulting in that incarceration is reversed, and this case is remanded for a determination of that issue consistent with this Opinion. In all other respects, the district court's judgment in favor of the City is affirmed.


¶37 AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.




GOODMAN, J., and WISEMAN, J. (sitting by designation), concur.





FOOTNOTES




[1] The speeding charge was bifurcated and remained untried during the proceedings in district court.





[2] "[C]laims shall be allowed for wrongful criminal felony conviction resulting in imprisonment if the claimant has received a full pardon on the basis of a written finding by the Governor of actual innocence for the crime for which the claimant was sentenced or has been granted judicial relief absolving the claimant of guilt on the basis of actual innocence of the crime for which the claimant was sentenced."





[3] This Court also used the Farmer test to evaluate an Eighth Amendment claim in Howard v. Grady County Criminal Justice Authority, 2017 OK CIV APP 7, ¶ 14, ___ P.3d ___.








 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1973 OK CR 131, 507 P.2d 940, FRAIZER v. CITY OF TULSA
Discussed
Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1987 OK CIV APP 45, 743 P.2d 682, 58 OBJ 1702, Spirgis v. Circle K Stores, Inc.
Discussed at Length
 2011 OK CIV APP 98, 261 P.3d 627, BRYSON v. OKLAHOMA COUNTY ex rel. OKLAHOMA COUNTY DETENTION CNTR.
Discussed
 2015 OK CIV APP 32, 347 P.3d 310, GJA v. OKLAHOMA DEPT. OF HUMAN SERVICES
Discussed
 2016 OK CIV APP 81, 389 P.3d 375, DEAL v. BROOKS
Cited
 2017 OK CIV APP 7, 394 P.3d 299, HOWARD v. GRADY COUNTY CRIMINAL JUSTICE AUTHORITY
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 76, 743 P.2d 1041, 58 OBJ 2310, A.E. v. State
Discussed
 2002 OK 45, 55 P.3d 1036, WASHINGTON v. BARRY
Discussed at Length
 2003 OK 42, 73 P.3d 840, BARNTHOUSE v. CITY OF EDMOND
Discussed
 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 2007 OK 39, 176 P.3d 1194, OKLAHOMA DEPARTMENT OF PUBLIC SAFETY v. McCRADY
Discussed
 2010 OK 5, 237 P.3d 134, ESTATE OF CROWELL v. BOARD OF COUNTY COMMISSIONERS
Discussed
 2012 OK 112, 293 P.3d 964, IN THE MATTER OF THE ESTATE OF BELL-LEVINE
Discussed
 2013 OK 9, 305 P.3d 994, BOSH v. CHEROKEE COUNTY GOVERNMENTAL BUILDING AUTHORITY
Discussed at Length
 2014 OK 119, 341 P.3d 689, PERRY v. CITY OF NORMAN
Discussed at Length
 2015 OK 51, 353 P.3d 532, DUTTON v. CITY OF MIDWEST CITY
Discussed
 1999 OK 98, 996 P.2d 438, 70 OBJ 3640, Nealis v. Baird
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2056, Motion for Summary Judgment
Cited
Title 51. Officers
 Cite
Name
Level

 51 O.S. 154, Extent of Liability
Discussed
 51 O.S. 155, Exemptions From Liability
Discussed
 51 O.S. 1, Beginning of Term - Time of Qualifying
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA