## EXCHANGE TRUST CO., Adm'r, v. MANN.

No. 17947. Opinion Filed May 29, 1928.

Rehearing Denied July 24, 1928.

(Syllabus.)

**Principal and Surety—Bail—Surety's Right of Action Against Accused for Amount Paid on Forfeiture of Bond.**

In view of section 2925, C. O. S. 1921, modifying the common-law notion of bail, the surety on a bail bond, in case of forfeiture, may recover from the accused, upon an implied agreement of indemnity, the amount he has been obliged to pay because of accused's failure to appear.

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by the Exchange Trust Company, administrator, against William M. Mann to recover on an implied agreement of indemnity. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

P. L. Long and Jas. S. Buchanan, for plaintiff in error.

N. E. McNeill, for defendant in error.

HERR, C. This appeal presents the question whether the surety on a bail bond, for a defendant in a criminal case, can recover from the defendant, without an express promise to indemnify, the amount he was obliged to pay because of the forfeiture of the bond. We think this question must be answered in the affirmative.

The defendant was apprehended under a fugitive warrant. W. A. Greenwood, since deceased, went his bail. The defendant failed to appear at the appointed time, and his bond was forfeited. Suit was brought on the bond and judgment obtained against Greenwood, which was by him satisfied. This action is brought by his administrator to recover from the defendant the amount so paid. There was no express promise to indemnify.

Defendant, in his answer, pleads that plaintiff, as a matter of law, is not entitled to subrogation; that to permit subrogation would be subversive of the purpose of the bail bond and contrary to public policy, and further pleads that no implied agreement to indemnify arises between a prisoner and surety on a bail bond. The trial court took defendant's view of the case, and sustained his motion for judgment on the pleadings. Plaintiff appeals.

To sustain the judgment, the case of United States v. Rider, 110 U. S. 729, is cited. It is there said:

"Without an express contract of indemnity, a surety on a recognizance for the appearance of a person charged with committing a criminal offense against the laws of the United States, cannot maintain an action against the principal to recover any sums he may have been obliged to pay by reason of forfeiture of the principal, and he is not entitled to be subrogated to the rights of the United States, and to enjoy the benefit of the government priority.

"Subrogating a surety on a recognizance in a criminal case to the peculiar remedies which the government enjoys is against public policy, and tends to subvert the object and purpose of the recognizance."

The decision is based on the theory that the surety on the bail bond is the voluntary jailer of the prisoner, and that if he fails to appear it is the personal fault of the surety; that the obligation of the surety is to produce the prisoner at the trial, and that to aid the surety, by law, to relieve himself of this obligation by a cash collection from the prisoner would be subversive of the object of bail, and contrary to public policy, and, for this reason, the law did not permit subrogation nor imply a promise to indemnify.

This was the old common-law theory, but it occurs to us that it cannot be strictly applied, under our statute, as is well said in the case of Badolato v. Molinari, 174 N. Y. S. 512:

"The general rule is that a surety may

hold his principal on an implied agreement to indemnify, even where there is no express promise.

"The theory underlying the principle of cases deciding that there can be no indemnity in favor of a surety on a bail bond, because he virtually becomes the accused's jailer, and that government seeks presence of accused, rather than money represented by bond, does not obtain in New York in view of Cr. Code, secs. 586-588, authorizing acceptance of cash bail.

"Under the common law, cash could not be accepted as or in lieu of bail, and it is acceptable only when authorized by statute, as by Cr. Code, secs. 586-588.

"In view of Cr. Code, sec. 577a, and sections 586-588, an individual bondsman for an accused in a criminal action may recover from accused upon an implied agreement of indemnity the amount he has been obliged to pay because of accused's failure to appear."

Section 2925, C. O. S. 1921, provides:

"A deposit of the sum of money mentioned in the order admitting to bail is equivalent to bail, and upon such deposit the defendant must be discharged from custody."

Under this section, the theory of bail, as it existed at common law, no longer strictly applies. The accused himself may deposit cash and secure his release, and so the state in granting bail does not look alone to the obligation of some third party as bail to produce the accused. The common-law theory that the government seeks the presence of accused rather than money represented by the bond no longer prevails where a cash bond is permitted. It will also be observed that the case of U. S. v. Rider, supra, has been greatly modified by the later case of Leary v. U. S., 224 U. S. 575, wherein it is said:

"It is said that the bail contemplated by the Revised Statutes (sec. 1014) is common-law bail, and that nothing should be done to diminish the interest of the bail in producing the body of his principal. But bail no longer is the mundium, although a trace of the old relation remains in the right to arrest. Rev. Stat. sec. 1018. The distinction between bail and suretyship is pretty nearly forgotten. The interest to produce the body of the principal in court is impersonal and wholly pecuniary."

The authorities, generally, hold that it is not against public policy to enforce an express promise to indemnify bail. If this be the correct rule, we see no good reason for holding that such an agreement might not be implied. In the case of Badolato v. Molinari, supra, it is said:

"If it is not against public policy to agree to indemnify bail, it cannot be against public policy to imply that such an agreement was made. If the law honors itself in enforcing an express contract, it should not stultify itself by refusing to enforce an implied contract which would accomplish exactly the same result."

For reasons herein stated, the court erred in rendering the judgment in favor of the defendant.

Judgment should be reversed, and the cause remanded, with directions to overrule the motion for judgment on the pleadings, and for further proceedings not inconsistent with the views herein expressed.

BENNETT, LEACH, JEFFREY, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 32 Cyc. p. 250.