SABIN et al. v. LEVORSEN.

No. 32525. May 31, 1949.

Rehearing Denied Oct. 11, 1949.

Second Petition for Rehearing Denied Jan. 17, 1950.

*214 P. 2d 448.*

Marvin T. Johnson, of Tulsa, for plaintiffs in error.

Martin, Logan, Finney & Stanton, of Tulsa, for defendant in error.

SABIN et al. v. LEVORSEN
(two cases).

Nos. 32340, 32525. Jan. 17, 1950.

Rehearing Denied Jan. 31, 1950.

PER CURIAM. In connection with application as to rehearing, and applications to intervene by Oklahoma Farmers Union and the Oklahoma State Federation of Labor, it is suggested that the decision here may adversely affect state revenues or may go contrary to the mortgage tax laws of the state. It is upon that suggestion or on account of it that such intervention is sought in order to present and to represent the interests of taxpayers generally. But we point out that no such result could follow this decision, as these matters are not an issue in the case and this decision does not touch these matters in any way, nor does the former decision on which this decision is based.

The above suggestion refers to the tax on real estate mortgages, which by the statute, 68 O. S. 1941 §1174, is based upon the amount of the mortgage debt and extends from 2c per $100 to 10c per $100, depending on the length of time the mortgage is to run.

The mortgage referred to in this case was executed in July, 1926, and in due course would have been regularly recorded in the same month. The statute requires the above mortgage tax to be paid at the time the mortgage is filed for record, or before it is recorded, 68 O.S. 1941 §1178, and it specifically must be paid by the mortgagee, section 1174, supra.

The mortgage here was foreclosed by judgment of the proper district court in December, 1936. That judgment was rendered after a trial to court and jury. The plaintiffs in error here appeared and participated in that trial. The mortgage could not have been used in evidence in that trial nor foreclosed by judgment unless the mortgage tax had been paid. That is specifically so provided by the statute, section 1178, supra.

According to the terms and provisions of the December, 1936, judgment, which is here presented by complete copy, there was no irregularity of any kind in reference to the filing and recording of the mortgage nor the trial and rendition of the judgment in 1936. If the plaintiffs in error here, who were parties to that foreclosure action, had any belief or contention as to any irregularity in the filing or recording of the mortgage, or in the trial, or as to the evidence in the foreclosure action, that was the time and place for such an issue or contention to have been presented. The judgment does not indicate that any such objection or contention was there made in any way at all. The judgment itself indicates full and complete regularity as to execution of the mortgage, payment of mortgage tax, recording of the mortgage, legality of evidence and just determination of the debt due.

What we have said above also applies to the extension agreement referred to, if same could have been subject to being recorded and subject to additional or further payment of the statutory mortgage tax.

There is nothing in this decision nor in the former opinion on which this decision is based to indicate that any mortgagee could ever record his mortgage without paying the mortgage tax, nor that a mortgage could ever be introduced in evidence or foreclosed without payment of all mortgage tax due on the mortgage or on any extention agreement subject to such tax, and proof that the same had been paid. If any mortgagee ever undertakes to foreclose a mortgage without proof of payment of the mortgage tax, a simple

objection made will stop the procedure, or if no formal objection should be made it would be the duty of the trial judge to observe the error and to refuse to foreclose the mortgage.

The assumed or suggested basis for the intervention sought is without any real foundation, either factually or legally. There being in these decisions no assault upon the mortgage tax law, or any hindrance to complete enforcement thereof, and no threat to the public revenue, there is no occasion for hearing interveners to urge taxpayer protection in reference thereto. This court will fully hear intervening taxpayers when their interests are involved or might be affected, but where such is not the case, such interveners should not be joined in cases involving litigation of mere private or personal claims and contentions.

The application of plaintiffs in error to file second petition for rehearing is denied, and the applications for intervention are denied.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.