STATE of Oklahoma, ex rel. Sidney D. WISE, District Attorney, 12th District of Oklahoma, Petitioner,

v.

Honorable William J. WHISTLER, District Judge, 12th Judicial District, State of Oklahoma, Respondent.

No. 50572.

Supreme Court of Oklahoma.

April 5, 1977.

Sidney D. Wise pro se.

Carl W. Longmire, Pryor, for Ruth Anderson on behalf of respondent.

SIMMS, Justice.

Petitioner asks this Court to assume original jurisdiction and issue writ of prohibition against respondent judge from enforcement of an order entered in a criminal proceeding requiring the Sheriff of Mayes County, Oklahoma, to provide all inmates in the Mayes County jail with sheets, pillow cases, pillows, and blankets.

The facts giving rise to this controversy are that on January 4, 1977, two inmates of the Mayes County jail, appearing pro se, filed a written motion asking the District Court to require the sheriff to provide the inmates with certain articles the inmates deemed necessary to their health and comfort. While not granting the inmates' request in its entirety, the court did order the sheriff to provide all inmates with the above described articles of bed clothing.

Two issues are presented: First, can a District Judge promulgate a rule governing the keeping of inmates in a county jail by order only?; Second, what is the correct interpretation of the words "bed clothing" as used in 57 O.S.1971, § 52?

Title 57, O.S.1971, § 43, authorizes district judges to prescribe in writing, rules for the regulation and government of the county jails within their judicial district upon certain specific subjects, among which is "beds and clothing". 57 O.S.1971, § 44, requires the judges to cause a copy of the rules to be delivered to the county commissioners, who in turn, must cause the rules to be printed and furnished to the sheriff for posting in some conspicuous place in every room or cell of the jail. The commissioners must also forward a copy of the jail rules to the Secretary of State for filing and preservation.

Petitioner argues that respondent did not comply with the provisions above cited governing the method of promulgating jail rules in that the order directing the sheriff to furnish all inmates sheets, pillows, pillow cases, and blankets was not furnished to the County Commissioners of Mayes County, printed, and then given to the sheriff for posting. Petitioner concludes the sheriff is therefore not bound by the order.

While 57 O.S.1971, § 47, places the sheriff in charge of the jail, the same section of our statutes require conformance by the sheriff with the rules promulgated by the district judges, as provided for in § 43. Additionally, it is observed that 57 O.S.1971 § 55, subjects the sheriff to penal sanction for neglect or refusal to conform to the rules promulgated under the authority of § 43. It necessarily follows that because noncompliance with a jail rule may be the predicate for subjecting a sheriff to indictment and fine, substantial compliance with the statutory manner of promulgation of jail rules must be had. The briefs and

exhibits before us negate any conclusion of substantial compliance with the prescribed method of adopting and promulgating jail rules. We, therefore, find the order in this particular case is procedurally defective and of no force and effect beyond the fundamental statutory requirement to furnish "bed clothing."

The second issue presented involves interpretation of the words "bed clothing" as set forth in 57 O.S.1971, § 52. Section 52 provides, inter alia, that the sheriff has the duty to provide "bed clothing" for prisoners. Petitioner contends "bed clothing" does not necessarily include sheets and pillow cases while respondent contends the terminology includes sheets and pillow cases as well as blankets. No case is cited by either party wherein the term "bed clothing" as required to be furnished prisoners, is defined.

 Words used in any statute are to be understood in their ordinary sense. 25 O.S. 1971, § 1; *Carter v. Phillips*, 88 Okl. 202, 212 P. 747. An ordinary definition of "bed clothes" is found in Webster's Third New International Dictionary, p. 195, and reads: "sheets, blankets, *or* other coverings used on a bed." "Or" is a disjunctive particle used to express an alternative or to give a choice of one among two or more things. Black's Law Dictionary, Fourth Edition, p. 1246.

It therefore follows that the "bed clothing" to be furnished an inmate of a county jail as mandated by § 52 may be either sheets, or blankets, or a combination of both, and the statutes do not require a sheriff to furnish bed clothing beyond that which is sufficient to protect the inmate's Eighth Amendment rights against cruel and unusual punishment. See: 51 A.L.R.3d 111. Sanitary blankets in a sufficient quantity to keep the inmate warm and comfortable comply with the statutes. If the District Judge wishes to enlarge upon the statutes governing the keeping of prisoners by rule, the statutes governing promulgation of jail rules must be substantially complied with.

Nothing herein written, however, should be construed as infringing upon the fundamental and inherent power of a District Court to hear and make corrective determination of any violation of a fundamental right of an inmate of a county jail.

ORIGINAL JURISDICTION ASSUMED. WRIT OF PROHIBITION ISSUED.

WILLIAMS, IRWIN, BERRY and DOOLIN, JJ., concur.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON and BARNES, JJ., dissent.