**Lynndal K. DANIELS, Appellant,**

v.

**Stephen KAISER, Appellee.**

**No. 78130.**

Supreme Court of Oklahoma.

April 27, 1993.

Lynndal K. Daniels, pro se.

Susan B. Loving, Atty. Gen., Carolyn E. Koger, Asst. Gen. Counsel, Dept. of Corrections, Oklahoma City, for appellee.

HARGRAVE, Justice.

The issue before us is whether funds held for prisoner upon his release, pursuant to 57 O.S. § 549, may be withdrawn to pay for ex-wife's expenses in bringing children for visitation under divorce decree. Section 549 provides for inmate wages, the power to collect those and to preserve those wages and for apportionment of inmate wages and establishing percentages available for inmate savings, for the inmate's personal use, to the inmate's lawful dependents, to the victims of the inmate's crime, to be used for payment of creditors and to the Department of Corrections for costs of incarceration. Title 57 O.S.1991 § 549(A)5 provides, in pertinent part:

> "... Provided that not less than twenty percent (20%) of such wages shall be placed in an account, payable to the prisoner upon his discharge or upon assignment to a prerelease program. *Funds from this account may be used by the inmate for fees and costs in filing a civil action* as defined in Sections 151 et seq. of Title 28 ..." (emphasis added)

Prisoner sought an order from the district court in Case No. JFD–83–4789 directing the defendant warden to deduct twelve dollars ($12.00) bimonthly from his mandatory savings account and three dollars ($3.00) bimonthly from his draw account to be sent to his ex-wife for travelling expenses for bringing prisoner's minor child to visit at the prison. Originally the court ordered the deduction, but later, on application of appellee, the trial court vacated its prior order and denied appellant's Motion to Release Funds. Prisoner appeals from that order. The Court of Appeals, relying on *Cumbey v. State*, 699 P.2d 1094 (Okla.1985), reversed and remanded with instructions to reinstate the order authorizing use of prisoner's savings.

Both sides argue that *Cumbey v. State, supra,* is decisive of the issue in their favor. We note at the outset that the *Cumbey* case was decided before § 549 was amended in 1985. Prior to amendment, 57 O.S. § 549(5) provided only that 20% of prisoners' wages should be placed in an account, payable to the prisoner upon his discharge. No mention was made in the

statute of use of that money prior to the prisoner's discharge.

In *Cumbey*, three prisoners alleged that they were unable to withdraw monies from their 20% inmate trust savings accounts for personal and family purposes and to pay court costs and filing fees. We there held that although trust account funds did not become payable to the prisoner until discharge, such funds may be released to the courts for payment of filing fees and court costs upon proper application and court order. We held that the prisoners failed to demonstrate any legal right to the personal use of, or interest on, the statutory 20% compulsory savings. The rationale for our decision is set out at length in *Cumbey*.

Prisoner's Motion to Release Funds was filed in district court in JFD–83–4789 on August 24, 1990. Title 57 O.S. § 549(5) was amended effective November 1, 1985 to allow money from the 20% account to "be used for any fees or court costs incurred by an inmate filing any civil action."[1] Prisoner's argument is that he is using the money to pay court costs. The trial court, in setting visitation in prisoner's divorce action, provided that he would receive visitation every other month beginning August, 1990, and that as a condition precedent to visitation, prisoner had to tender fifteen dollars ($15.00) to his ex-wife in advance for gasoline and travel expenses. Prisoner argues that *Cumbey* clearly allowed release of the 20% account funds for filing fees and court costs and maintains that the transportation costs are court-ordered costs and are therefore "court costs."

The Court of Appeals relied upon *Cumbey, supra,* in holding that the inmates trust funds are not restricted. The Court of Appeals noted that the version of § 549(5) when *Cumbey* was decided did not provide for any use of the funds other than for release to the inmate upon discharge. The Court of Appeals felt that *Cumbey* was a refusal to restrict the funds to the statutory purpose and they felt that this case was within the general holding of *Cumbey*.

We disagree. *Cumbey* did not recognize any legal right to use of the 20% account for personal use. The statute, as amended in 1985 provided that the account could be used for fees or court costs *incurred by an inmate filing any civil action*. The transportation costs that prisoner was directed to advance his ex-wife for bringing his child for visitation are not court costs or filing fees. The amendments to § 549 after the *Cumbey* decision refer to court costs or fees in a civil action filed by the prisoner. *Cumbey* does not enlarge the permissible uses of the 20% account funds.

We find that venue was proper and that the trial judge did not err in overruling appellant's post-trial motion to separately list findings of fact and conclusions of law for his order granting motion to vacate.

CERTIORARI HAVING BEEN PREVIOUSLY GRANTED, OPINION OF THE COURT OF APPEALS IS VACATED AND THE TRIAL COURT'S ORDER IS AFFIRMED.

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, ALMA WILSON and WATT, JJ., concur.

OPALA, KAUGER and SUMMERS, JJ., dissent.

---

1. Title 57 O.S. § 549 was amended again by laws 1990 c. 180 § 1 eff. September 1, 1990, and again by Laws 1991 c. 95 § 1 eff. September 1, 1991. The current version, as amended effective September 9, 1992 is reprinted in the opinion. The 1990 amendment is set out below:

> "... Provided, that not less than twenty percent (20%) of such wages shall be placed in account, payable to the prisoner upon his discharge or upon assignment to a prerelease program.

B. The State Board of Corrections shall cause to be placed in any account income from the inmate's employment and any other income or benefits accruing to or payable to and for the benefit of said inmate, including any workers' compensation or Social Security benefits.

　　*　　*　　*　　*　　*　　*

3. Money from said account may be used for any fees or court costs as defined in Section 151 of Title 28 of the Oklahoma Statutes incurred by an inmate in filing any civil action."