**Walter McMULLIN, Petitioner,**

v.

**DEPARTMENT OF CORRECTIONS, Respondent.**

No. 82037.

Supreme Court of Oklahoma.

Oct. 19, 1993.

---

Walter McMullin, pro se.

Susan B. Loving, Atty. Gen. of Oklahoma and Carolyn E. Kroger, Asst. Gen. Counsel, Oklahoma Dept. of Corrections, for respondent, Oklahoma Dept. of Corrections.

WATT, Justice.

Petitioner, McMullin, is a prisoner in the Oklahoma corrections system.[1] He has filed in this Court a pleading he calls a "Writ of Mandamus." Because of the relief Prisoner seeks, we interpret his pleading as an application asking this Court to assume original jurisdiction and a petition seeking a writ of mandamus. Prisoner asks that the District Court of Osage County be required to order Respondent, Department of Corrections, to release $750.00 DOC holds as custodian of Prisoner's trust-account. Prisoner alleges that he requires the funds in order to prosecute an appeal from a criminal conviction in the District Court of Tulsa County.

DOC resists Prisoner's claim for relief on the ground that Prisoner is not authorized by statute to use funds from his trust-account to prosecute an appeal from a criminal conviction. We agree.

The legislature spelled out in 57 O.S.1991 § 549.A.5 the uses to which a prisoner's wages earned in prison may be put. Section 549.A.5 provides that not less than twenty-percent of a prisoner's wages shall be placed in a trust-account. The trust-

---

1. The meager record before us does not reflect where Prisoner is incarcerated. Because Prisoner sought an order from the District Court of Osage County, we assume he is a prisoner in the Dick Conner Correctional Center, in Hominy, Osage County, Oklahoma.

account funds are to be delivered to the prisoner upon his discharge from custody or entry into a prerelease program. Section 549.A.5 further provides,

> Funds from this account may be used by the inmate for fees or costs in filing a *civil* action as defined in Sections 151 et seq. of Title 28 of the Oklahoma Statutes or for federal action as defined in Sections 1911 et seq. of Title 28 of the United States Code. [Emphasis added.]

Title 28 United States Code §§ 1911 et seq. deals with court costs in civil and bankruptcy matters. Thus, § 549.A.5 authorizes prisoners to use their trust funds, prior to release, only for costs in *civil* matters. We hold, therefore, that the District Court of Osage County properly held that prisoner's trust-account may not be used to pay costs and expenses associated with the appeal of a conviction. Nevertheless, this holding does not end the inquiry.

■ If Prisoner is a pauper, he is entitled to have court costs paid and representation of counsel furnished for the appeal of his conviction. Rules 1.11 through 1.15 of the Rules of the Court of Criminal Appeals allow one convicted of a crime to appeal and file in the case an affidavit that he is without funds to pay court costs and attorney fees. Upon making such a showing, court costs will be paid for him, and he may have a counsel appointed to represent him. Similarly, under the Uniform Post–Conviction Procedure Act, 22 O.S. § 1080 et seq., a convict who is seeking post-conviction relief may file an affidavit that "the applicant is unable to pay court costs and expenses of representation ..." 22 O.S. § 1082. See also 20 O.S.1991 § 106.4(b), which authorizes a court to order the state to pay for a transcript of a criminal trial resulting in a conviction if the convict establishes that he is indigent.

Title 57 O.S.1991 § 549.A.5 prohibits the twenty-percent of Prisoner's prison wages it describes from being used to pay the costs and expenses associated with the appeal of a criminal conviction. Thus, we hold that such funds may not be considered by any court in deciding whether Prisoner has sufficient funds to pay filing fees, other court costs, transcript costs, other expenses, or attorney fees in his appeal from his Tulsa County conviction.

**ORIGINAL JURISDICTION ASSUMED; WRIT OF MANDAMUS DENIED.**

LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON and SUMMERS, JJ., concur.

SIMMS, J., concurs in result.

HODGES, C.J., and OPALA and KAUGER, JJ., concur in part, dissent in part.