CITY OF OKLAHOMA CITY v. BALKMAN



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:CITY OF OKLAHOMA CITY v. BALKMAN

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 CITY OF OKLAHOMA CITY v. BALKMAN
2020 OK 104
Case Number: 118950
Decided: 12/07/2020
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2020 OK 104, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

THE CITY OF OKLAHOMA CITY, Petitioner,
v.
THE HONORABLE THAD BALKMAN, CHIEF JUDGE, CLEVELAND COUNTY, THE HONORABLE STEVEN STICE, SPECIAL DISTRICT JUDGE, CLEVELAND COUNTY, and THE HONORABLE JACK MCCURDY, CHIEF JUDGE, CANADIAN COUNTY, Respondents.

ORDER

Original jurisdiction is assumed on the Amended Application to Assume Original Jurisdiction and Petition for Writ of Prohibition. Okla. Const. art. VII, ( 4. This Court's July 30, 2020, Order granting a stay of enforcement of AO-2020-1 and AO-2020-3, pending this Court's disposition of this Cause, remains in effect until further action by this Court or final disposition of this matter.

DONE BY THE ORDER OF THE SUPREME COURT THIS 7th DAY OF DECEMBER, 2020.

/S/CHIEF JUSTICE

Gurich, C.J. (by separate writing), Darby, V.C.J., Kauger (by separate writing), Colbert, and Combs, JJ., concur;

Winchester, Edmondson, Kane (by separate writing) and Rowe (by separate writing), JJ., dissent.

 

 

GURICH, C.J., specially concurring.

¶1 I concur in the Order which assumes Original Jurisdiction and the Petition for Writ of Prohibition. The Court of Criminal Appeals only has jurisdiction in criminal cases. In re M.B., 2006 OK 63, ¶ 8, 145 P.3d 1040, 1044. The subject of this original action is the issuance of administrative orders by the district courts. There is no pending criminal prosecution, and we are not called upon to review a criminal conviction, or even issues collateral to pending criminal case. See Parsons v. District Court of Pushmataha County, 2017 OK 97, ¶ 19, 408 P.3d 586, 595; Okla. Const., art. VII, § 4. In fact, on July 30, 2020, the majority of the judges of the Court of Criminal Appeals recognized the civil nature of this case, and issued an order transferring the matter to this Court for our determination of jurisdiction. [1] The orders before us are no more criminal matters than a civil suit arising out of detention at a jail facility or the adjudication of a negligence case predicated on a law enforcement motor vehicle accident which occurs during the transportation of an arrestee or inmate--both of which are matters only incidental to criminal arrest and/or confinement.

¶2 District judges have only two functions--judicial and administrative. Jurisdiction to review administrative orders issued by district courts lies solely in this Court, not the Court of Criminal Appeals:

Review of an administrative decision made in the exercise of a district court's managerial function may be sought only through an original proceeding in the Supreme Court. Similarly, management decisions by a Chief Justice are reviewable and correctable only by the Supreme Court sitting in its capacity as the administrative board of directors for the entire judicial system.

Board of Law Library Trustees of Oklahoma County v. Petusky, 1991 OK 22, ¶ 14, 25 P.2d 1285 (citations omitted). As we have further explained:

In order to have a unified, organized judiciary in Oklahoma, there must be one individual at the apex: the Chief Justice of the Supreme Court. Through the powers vested in the Supreme Court, by the Oklahoma Constitution and statutes, it has passed down the authority for the administration of district courts to the Administrative Judge of an Administrative Judicial District. This authority is essential for the orderly operation of justice.

Petusky v. Cannon, 1987 OK 74, ¶ 35, 742 P.2d 1117.

¶3 I also concur in the continued stay of the enforcement of AO-2020-1 (J. Balkman, Cleveland County District Judge) and AO-2020-3 (J. McCurdy, Canadian County District Judge).

FOOTNOTES

[1] The majority of the judges of the Court of Criminal Appeals issued an Order Transferring Matter to the Oklahoma Supreme Court on July 29, 2020. In that Order, the Court of Criminal Appeals considered their Constitutional authority and stated: "These orders appear to be a civil matter. As Petitioner's petition appears to present a matter traditionally within the jurisdiction of the Oklahoma Supreme Court, it would be improvident for the Court of Criminal Appeals to assume jurisdiction or adjudicate Petitioner's petition without the Supreme Court having first found that Petitioner's cause is not within the Supreme Court's jurisdiction."

 

 

KAUGER, J., with whom GURICH, C.J., DARBY, V.C.J. and COMBS, J., join, concurring:

¶1 Without question, this cause concerns an administrative matter. The City of Oklahoma City seeks a writ of prohibition from this Court to bar the Cleveland County and Canadian County benches from enforcing their respective administrative orders mandating that all persons arrested by the Oklahoma City Police Department in Cleveland or Canadian County be immediately transported those counties respectively, rather than Oklahoma County.[1] As part of their writ, the City of Oklahoma City attaches six administrative orders from the trial courts. To be clear, nothing in this matter concerns the appeal of a criminal conviction. Period. We have assumed jurisdiction to resolve the matter and the conflict between the county courts and the Court of Criminal Appeals has no jurisdiction to decide the matter even if it wanted to, or this Court wished it so.

¶2 The Oklahoma Constitution, art. 7, §4 provides:

The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law and in equity; except that the Court of Criminal Appeals shall have exclusive appellate jurisdiction in criminal cases until otherwise provided by statute and in the event there is any conflict as to jurisdiction, the Supreme Court shall determine which court has jurisdiction and such determination shall be final. The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all Agencies, Commissions and Boards created by law. The Supreme Court, Court of Criminal Appeals, in criminal matters and all other appellate courts shall have power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute. Each of the Justices or Judges shall have power to issue writs of habeas corpus to any part of the State upon petition by or on behalf of any person held in actual custody and make such writs returnable before himself, or before the Supreme Court, other Appellate Courts, or before any District Court, or judge thereof in the State. The appellate and the original jurisdiction of the Supreme Court and all other appellate courts shall be invoked in the manner provided by law.

¶3 In Dancy v. Owens, 1927 OK 203, 258 P. 879, this Court explained the efficacy of this constitutional provision and the Court of Criminal Appeals' role in the Oklahoma judiciary. Dancy concerned whether the Oklahoma Supreme Court could review on certiorari a judgment entered by the Oklahoma Court of Criminal Appeals. The Court very clearly said that:

1) pursuant to the Oklahoma Constitution,[2] "the Supreme Court is the head of the judicial system and that other courts, established by law are inferior to the Supreme Court;"

2) "the authority, jurisdiction and power of the Court of Criminal Appeals is statutory" and "it is only what the Legislature gave it within permissive sanction of the Constitution;"

3) "the Legislature created the Court of Criminal Appeals to have exclusive appellate jurisdiction in criminal cases" and it's power is limited to appellate jurisdiction only;

4) "the Constitution does not permit the Legislature to give the Court of Criminal Appeals any other jurisdiction;"

5) "the terminology, 'Criminal Cases,' has a well-defined meaning and under the law of this state they are either prosecuted in the name of the state either by indictment or by information filed in a trial court having jurisdiction;"

6) "under the law of procedure of appeals may be prosecuted when the accused is convicted" and such appeals have "for their purpose the determination of alleged errors of the trial court in the cause;" and

7) "the language is so clear that, if any confusion arises, it must be by reason of courting confusion, either by a spirit of unwillingness to abide by the language of the law or from other motives which may lead into the realm of speculation unbecoming to any judicial decision."

¶4 Thus, history shows that the Court of Criminal Appeals is court of special,

and limited, jurisdiction; it has exclusive appellate jurisdiction only in criminal matters.[3] While this provision gives this Court superintending control over all inferior courts such as the Court of Criminal Appeals, it does not give this Court the power to confer jurisdiction on the Court of Criminal Appeals where non exists by law.[4] Nor does it give the legislature such power.[5]

 

¶5 Where the Court of Criminal Appeals has no appellate jurisdiction, it has no power or authority over a cause.[6] In Carder v. Court of Criminal Appeals, 1978 OK 130, 595 P.2d 416, this Court said that:

 

It speaks well of our bifurcated civil-criminal appellate system that there has not been a jurisdictional conflict between this Court and the Court of Criminal Appeals for more than fifty years. This scarcity of conflict is a testament to both the clarity of jurisdictional boundaries between the two Courts and the constant willingness of the members of each Court to observe and comply with their jurisdictional restrictions.

Carder involved the Court of Criminal Appeals' entertainment of an original action for mandamus brought by the Department of Institutions, Social and Rehabilitative Services (Department) in which the criminal appellate court made a determination beyond its power to render. The Department sought relief from this Court. In Carder, the trial court declared a juvenile a delinquent, adjudged the juvenile a ward of the court, and committed the juvenile to the custody of the Department. Subsequently, the trial court entered an order dismissing the juvenile action, and the Department sought relief in the Court of Criminal Appeals.

¶6 The Court of Criminal Appeals issued a published order purporting to assume original jurisdiction and grant mandamus against the trial court for exceeding its authority and issuing the dismissal order. We held that the Court of Criminal Appeals had no jurisdiction to assume original jurisdiction and grant mandamus because that court is a court of special and limited jurisdiction. It has exclusive appellate jurisdiction only in criminal matters. It has no superintending authority over inferior courts and it had no statutory authority to issue any orders in the cause.

¶7 Determining the issues concerning matters which are collateral or incidental to a criminal conviction is not merely a "tradition" of this Court, nor is it taking a "right-of-way" off of the path to criminal conviction. Rather, it is a constitutional obligation in which this Court has methodically, and consistently, taken very seriously. The underpinnings of the jurisdictional boundaries was recently, very thoroughly discussed in The Jurisdictional Boundary Between the Oklahoma Supreme Court and the Court of Criminal Appeals: Blurred Lines.[7] In it, the author explains:

The Oklahoma Constitution was adopted in 1907. It created a supreme court, district courts, and other inferior courts such as county courts and municipal courts. Initially, the appellate jurisdiction of the supreme court extended to all civil and criminal cases. But the original constitution granted the supreme court criminal appellate jurisdiction only "until a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases shall be established by law." The constitution also provided that the supreme court's original jurisdiction extended "to a general superintending control over all inferior courts and all commissions and boards created by law." Finally, the supreme court was authorized to issue writs. . . .

. . .the legislature quickly created a criminal court of appeals in 1908, with "exclusive appellate jurisdiction ... in all criminal cases appealed from" other courts. The court also had the power to issue writs of habeas corpus and "writs as may be necessary to exercise its jurisdiction." In 1959, the court was renamed the Oklahoma Court of Criminal Appeals (COCA) and still bears that name. . . .

. . .The statute originally provided that COCA had exclusive appellate jurisdiction over criminal cases, unless the construction of the Oklahoma Constitution, the Constitution of the United States, or an act of Congress was in question, in which the case the court was to certify the question to the Oklahoma Supreme Court and await its decision. The statute was amended in 1909 to eliminate that limitation, leaving COCA with exclusive appellate jurisdiction in criminal cases.

In 1967, the Oklahoma Constitution was amended. The amended constitution now vests jurisdiction in COCA, recognizing its exclusive appellate jurisdiction in criminal cases, but with a proviso that the jurisdiction of the court is subject to the power of the legislature to alter. The amendment also gave COCA the power to issue writs in "criminal matters. Most importantly, the amended constitution explicitly provides that in the event of conflict between the two courts regarding jurisdiction, "the Supreme Court shall determine which court has jurisdiction and such determination shall be final." The amended version made no change to the supreme court's general superintending power or power to issue writs. (Citations omitted.)

¶8 To this day, this Court has made the decision regarding any jurisdictional conflicts and the Court of Criminal Appeals only has jurisdiction to review causes arising out of criminal cases, but nothing which concerns an administrative matter related to criminal proceedings. Recently, on October 12, 2020, we granted certiorari on companion cases to review the legality of a search and seizure regarding forfeited money seized as the result of an illegal drug sale and the subsequent possibility of awarding attorney fees.[8] Both matters collateral/incidental to a criminal conviction/proceeding. This cause is one of the many matters that comes before this Court which, although are the result of a criminal conviction/proceeding, are not, as this Court has interpreted under the Constitution, to be "criminal cases."

Other causes, although by no means an exhaustive list, have involved:

1. proceeding challenging District Court's rejection of treatment plan that included first-degree murder defendant adjudged not guilty of first-degree murder by reason of insanity, to attend group therapy program one day per week outside of Oklahoma Forensic Center;[9]

 
2. substantive constitutional claims of procedural matters related to the criminal conviction;[10]

3. constitutionally of secrecy provision of death sentence statute;[11]

4. payment of interpreters for indigent Mexican national charged with murder out of district court funds;[12]

5. jurisdiction to review an order disposing of a request to determine actual innocence;[13]

6. claims against penal officials, for failing to timely file prisoner's appeal of denial of post-conviction relief;[14]

7. jurisdiction to entertain an appeal from a dispositional order after adjudicatory determination of delinquency;[15]

8. district court proceedings for removal from office, no matter how instituted;[16]

 
9. payment of filing fees for lawsuits of civil rights violations against prison officials by prisoners;[17]

10. appointment of attorneys to represent prisoners access to legal matters;[18]

 
11. requirement of depletion of Department of Correction funds to pay court filing fees;[19]

12. consideration of prisoner's letter in file by Pardon and Parole Board for parole hearing;[20]

13. administration of inmate trust accounts;[21]

14. court filing/mailing deadlines by delivery to prison officials;[22]

15. release of funds in prisoner wage accounts;[23]

16. review of actions of officials alleged to have denied federally-protected liberty interests;[24]

17. liability for dispensing medicine to inmates;[25]

18. district court clerk filing without payment of filing fees;[26]

19. restoration of all prisoner's lost earned time credits and an unconditional reinstatement to his original security status;[27]

20. duty of the sheriff to call the physician to attend to sick or contagious prisoners; [28]

21. extension of incarceration past sentence by prison officials;[29]

22. grievances over medical care;[30]

23. use of trust account funds to pursue appeal of criminal conviction;[31]

24. payment of medical care for inmates in jail;[32]

25. assigning prisoner higher security risk points after escape, to render ineligible for assignment to a minimum security facility or work release program;[33]

26. questions concerning bail on a criminal bond procedures;[34]

27. habeas corpus to review authority of trial court to issue order of commitment;[35]

28. forfeiture of bail bond;[36]

29. withdrawal of inmate wages to pay court costs and victims compensation;[37]

30. signature allowed for release of county prisoner;[38]

31. personal appearance for court proceedings;[39]

32. providing bedding to prisoners;[40]

33. whether extradition proceedings had begun so as to qualify state agents to immunity for death of accused;[41]

34. surety of bail bond in case of forfeiture in criminal case;[42]

35. peace officer's ability to arrest without a warrant;[43]

36. providing interpreter upon arrest for a crime;[44]

37. failure to provide inmate medication;[45]

38. whether arrest made at direction of marshal can constitute false imprisonment;[46]

39. liability for excessive force;[47]

40. illegal restraint of person by sheriff;[48]

41. negligent notice to recall arrest warrant;[49]

42. double jeopardy affect on implied consent law after acquittal of criminal charges;[50]

43. constitutionality of Habitual Criminal Sterilization Act;[51]

44. forfeiture of appearance bond;[52]

45. forfeiture of appeal bond;[53]

46. appeal of habeas corpus discharging petitioner;[54]

47. transfer of juvenile from juvenile criminal court;[55]

48. compensation for representation of indigent defendants in capital murder cases;[56]

49. action by convicted inmate against state's medical expert in criminal trial;[57]

50. mandamus requiring warden of penitentiary to execute separate sentences imposed on prisoner concurrently rather than consecutively;[58]

51. justice of the peace's ability to hold preliminary hearing for a misdemeanor case;[59]

52. denial of concealed weapons license after charge, but acquittal of conspiracy to commit arson.[60]

 

CONCLUSION

 

¶9 The litany of previous cases all fall within the purview of administrative matters incidental to criminal cases. This case in no way arises out of a criminal conviction. The actions which at which the writ is directed are taken before criminal charges are even formally filed. The Court of Criminal Appeals is court of special, and limited jurisdiction; it has exclusive appellate jurisdiction only in criminal matters. Even if this Court decided that the Court of Criminal Appeals should decide the matter, we cannot confer jurisdiction on it to do so where none exists. This is neither a tradition nor a suggestion. This is a constitutional mandate.

FOOTNOTES

[1] Title 22 O.S. 2011 §184 provides:

The officer who executes the warrant must take the defendant before the nearest or most accessible magistrate of the county in which the offense is triable with his return endorsed thereon, and the magistrate must then proceed in the same manner as upon a warrant issued by himself.

[2] The Okla. Const. art 7, §1, as amended by a vote of the people of Oklahoma, by legislative referendum in 1967 provides:

§ 1. Courts in which judicial power vested.

The judicial power of this State shall be vested in the Senate, sitting as a Court of Impeachment, a Supreme Court, the Court of Criminal Appeals, the Court on the Judiciary, the State Industrial Court, the Court of Bank Review, the Court of Tax Review, and such intermediate appellate courts as may be provided by statute, District Courts, and such Boards, Agencies and Commissions created by the Constitution or established by statute as exercise adjudicative authority or render decisions in individual proceedings. Provided that the Court of Criminal Appeals, the State Industrial Court, the Court of Bank Review and the Court of Tax Review and such Boards, Agencies and Commissions as have been established by statute shall continue in effect, subject to the power of the Legislature to change or abolish said Courts, Boards, Agencies, or Commissions. Municipal Courts in cities or incorporated towns shall continue in effect and shall be subject to creation, abolition or alteration by the Legislature by general laws, but shall be limited in jurisdiction to criminal and traffic proceedings arising out of infractions of the provisions of ordinances of cities and towns or of duly adopted regulations authorized by such ordinances.

[3] In re M.B., 2006 OK 63, ¶8, 145 P.3d 1040.

[4] See, In re M.B., 2006 OK 63, ¶8, 145 P.3d 1040 [Appellate jurisdiction is the power and jurisdiction to review and correct those proceedings of inferior courts brought for determination in the manner provided by law. The question of jurisdiction is primary and fundamental in every case and cannot be conferred by the consent of the parties, waived by the parties, or overlooked by the Court.]. Allen v. State, 2011 OK CR 31, 265 P.3d 754 [Supreme Court order transferring capital defendant's direct appeal from underlying sanity proceedings to Court of Criminal Appeals did not itself provide Court of Criminal Appeals authority to review the appeal; transfer order resulted from recognition that Court of Criminal Appeals had exclusive jurisdiction over the case.]

[5] Darcy v. Owens, 1927 OK 203, ¶17, 258 P. 879.

[6] See, Carder v. Court of Criminal Appeals, 1978 OK 130, ¶12, 595 P.2d 416.

[7] Eddington, Greg, The Jurisdictional Boundary Between the Oklahoma Supreme Court and the Court of Criminal Appeals: Blurred Lines, 69 Okla. L. Rev. 203, 205-206 (2017).

[8] No's. 116, 875, Hingey v. State of Oklahoma and 117,737 State ex rel. Harris v. $2,11.00; $5,530.00; and $325,080.00. The vote to grant certiorari in the No 116,875 was Gurich, C.J., Darby, V.C.J., Kauger, Colbert, and Rowe, JJ., conur. Winchester, Edmondson, Cobs, and Kane, JJ., dissent. The vote in 117,737 was Gurich, C.J., Darby, V.C.J., Kauger, Edmondson, Colbert, Coms, Kane and Rowe, JJ., concur. Winchester, J., dissent.

[9] Parsons v. District Court of Pushmataha County, 2017 OK 97, 408 P.3d 586.

[10] Lockett v. Evans, 2014 OK 28, 377 P.3d 1254.

[11] Lockett v. Evans, 2014 OK 34, 330 P.3d 488.

[12] Application of Murga, 1981 OK 36, 631 P.3d 735.

[13] Courtney v. State, 2013 OK 64, 307 P.3d. 337.

[14] Dubuc v. Sirmons, 2001 OK 57, 93 P.3d 780.

[15] J.L.D. v. Jennings, 1979 OK CR 139, 603 P.2d 1165.

[16] Hale v. Board of County Commissioners of Seminole County, 1979 OK 158, 603 P.2d 761.

[17] Mehdipour v. State ex. rel. Dept. of Corrections, 2004 OK 19, 90 P.3d 546.

[18] Gaynes v. Maynard, 1991 OK 27, 808 P.2d 672.

[19] Smith v. Moore, 2002 OK 49, 50 P.3d 215; Foust v. Pearman, 1992 OK 135, 850 P.2d 1047.

[20] Shabazz v. Keating, 1999 OK 26, 977 P.2d 1089.

[21] Cumbey v. State, 1985 OK 36, 699 P.2d 1094.

[22] Woody v. State ex rel. Dept. of Corrections, 1992 OK 45, 833 P.2d 257.

[23] Daniels v. Kaiser, 1993 OK 51, 851 P.2d 529.

[24] Prock v. District Court of Pittsburg County, 1981 OK 41, 630 P.2d 772.

[25] Medina v. State, 1993 OK 121, 871 P.2d 1379.

[26] Cotner v. Golden, 2006 OK 25, 136 P.3d 630.

[27] Mitchell v. Meachum, 1988 OK 131, 770 P.2d 887.

[28] Hunt v. Rowton, 1930 OK 254, 268 P. 342.

[29] Payne v. Kerns, 2020 OK 31, 467 P.3d 659.

[30] Martin v. Jordan, 2006 OK 26, 137 P.3d 681.

[31] McMullin v. Dept. of Corrections, 1993 OK 132; 823 P.2d 1187.

[32] State ex. rel. Dept. of Human Services v. Board of County Commissioners of McClain County, 1992 OK 29, 829 P.2d 961; City of Tulsa v. Hilcrest Medical Center, 1956 OK 21, 292 P.2d 430.

[33] Morris v. Meachum, 1986 OK 18, 718 P.d 1354.

[34] McIntosh et al v. State, 1924 OK 106, 224 P. 702.

[35] Ex Parte Ray, 1935 OK 273, 42 P.2d 234.

[36] State v. Buchanan, 1987 OK 105, 745 P.2d 730.

[37] Webb v. Maynard, 1995 OK 125, 907 P.2d 1055.

[38] Petusky v. Freeman, 1995 OK 9, 890 P.2d 948.

[39] Hemphill v. Harbuck, 2014 OK 24, 326 P.3d 521.

[40] State ex rel. Wise v. Whistler, 1977 OK 61, 562 P.2d 860.

[41] Boston v. Causey, 1952 OK 134, 242 P.2d 712.

[42] Exchange Trust Co. v. Mann, 1928 OK 357, 269 P. 275.

[43] Steinicke v. Harr, 1924 OK 188, 240 P. 66.

[44] Kiddy v. City of Oklahoma City, 1978 OK 28, 576 P.2d 298.

[45] Brown v. Creek County ex rel. Creek County Bd of County Com'rs, 2007 OK 56, 164 P.3d 1073.

[46] Moyer v. Meier, 1951 OK 347, 238 P.2d 338.

[47] Perry v. City of Norman, 2014 OK 119, 341 P.3d 689.

[48] Ex Parte v. Brewer, 1935 OK 236, 42 P.2d 143.

[49] Wilhelm v. Gray, 1988 OK 142, 766 P.2d 1357.

[50] Price v. Reed, 1986 OK 43, 725 P.2d 1254.

[51] Skinner v. State ex. rel. Williamson, 1941 OK 60, 115 P.2d 123.

[52] State v. Nesbitt, 1981 OK 113, 634 P.2d 1306.

[53] Resolute Ins. Co. v. State, 1971 OK 7, 479 P.2d 956.

[54] State v. Powell, 2010 OK 40, 237 P.3d 779.

[55] Anderson v. Walker, 1958 OK 297, 333 P.2d 570.

[56] State v. Lynch, 1990 OK 82, 796 P.2d 1150.

[57] Cooper v. Parker-Hughey, 1995 OK 35, 894 P.2d 1096.

[58] Hinkle v. Kenny, 1936 OK 592, 62 P.2d 621.

[59] Melton v. State, 1915 OK 328, 149 P. 154.

[60] State ex rel. Oklahoma State Bureau of Investigation v. Warren, 1998 OK 133, 975 P.2d 900.

 

 

KANE, J., with whom Winchester, J., joins, dissenting:

¶1 This case is best resolved by the Court of Criminal Appeals. It bears noting that the Court of Criminals Appeals did not transfer this matter to us upon a finding that they lacked jurisdiction. Rather, they transferred the matter to us for clarification as to whether or not the dispute was best resolved before this Court, with a stated intent of proceeding forward should we find that the matter was properly before the Court of Criminal Appeals.

¶2 It also bears noting that had the Court of Criminal Appeals simply ruled upon the dispute without tendering same to us, this case likely would have proceeded in front of that tribunal without so much as a sideways glance from anyone. This is so because the Court of Criminal Appeals has, at least, concurrent jurisdiction with this Court in such matters.

The Supreme Court, Court of Criminal Appeals, in criminal matters and all other appellate courts shall have power to issue, hear and determine writs of habeas corpus, mandamus, quo warranto, certiorari, prohibition and such other remedial writs as may be provided by law and may exercise such other and further jurisdiction as may be conferred by statute.

Okla. Const. Art. 7, § 4. Petitioner rightly reads this constitutional provision as clothing the Court of Criminal Appeals with the constitutional authority to hear this matter, and hence filed its request for relief before that Court. See Hurst v. Pitman, 1950 OK 10, pg. 335, 213 P.2d 877, 881 ("Under this authority granted by the Constitution, the first Legislature after statehood created the Criminal Court of Appeals as it exists today... and [it] was given exclusive appellate jurisdiction in all criminal cases appealed from the district, superior, and county courts, and all other courts of record that may be established by law.") (internal citations omitted) (emphasis original).

¶3 Being aware that this dispute could be construed as a matter "traditionally within the jurisdiction of the Oklahoma Supreme Court," the Court of Criminal Appeals has tendered the case to us for clarity.[1] The fact that this Court may have a "tradition" of taking the right-of-way in similar matters in the past, does nothing to rewrite the Constitution to divest the Court of Criminal Appeals with proper jurisdiction to hear such a matter. This Court rightly values and honors tradition, but we are duty bound to follow the Constitution. See Hurst, 1950 OK CR 10, pg. 336, 213 P.2d at 881 ("The term 'appellate,' in the constitutional phrase 'a Criminal Court of Appeals with exclusive appellate jurisdiction in criminal cases,' is not used in a restricted sense, but in the broadest sense, as embracing the power and jurisdiction to review and correct the proceedings of inferior courts in criminal cases, brought before it, in the manner provided by law.") (internal citations omitted).

¶4 The Court of Criminal Appeals observed that the contest of administrative orders pertaining to pretrial detention of citizens in criminal matters "appear(s) to be a civil matter."[2] Does it become less so if the action had been brought by a detained citizen, rather than by a municipal entity? Obviously, the crux of this dispute is the pretrial detention of citizens, and the body best suited to address this issue is the body to whom the request was posed: the Court of Criminal Appeals.[3]

 

¶5 While the Supreme Court has original jurisdiction pursuant to Okla. Const. art. 7, § 4, as to "general superintending control over all inferior courts and all Agencies, Commissions and Boards created by law," this provision should not be a trump card to overwrite another portion of the very same article that vests the Court of Criminal Appeals with concurrent jurisdiction. The phrase "general superintending control," when applied to a trial judge addressing pretrial detention of citizens is, at best, a slippery slope. Id. If one recasts this dispute regarding pretrial detention as a "civil matter," it is easy to conceive of future disputes where this Court is tempted to draw the line to suggest that another court's dispute is now somehow the business of the Supreme Court. This Court has previously agreed with the Court of Criminal Appeals that it has exclusive jurisdiction in all criminal cases, or in matters calling for the construction of penal provisions. See Hurst, 1950 OK CR 10, pg. 338, 213 P.2d at 882 (citing Smythe v. Smythe, 1911 OK 66, ¶ 14, 114 P. 258, 259 ("This being a criminal case, this court has no jurisdiction to review the same. It may be that the appellate jurisdiction of the Criminal Court of Appeals in this case may be invoked by the plaintiff in error.")).

 

¶6 It is certain from the historical background and the language used in the Constitution and statutes, that the framers of our Constitution and the Legislature intended, after the creation of the Criminal Court of Appeals, to vest it with exclusive jurisdiction in all criminal matters and to limit the Supreme Court to exclusive jurisdiction in all civil cases... Under the Constitution and the laws of our state, the two appellate courts are co-ordinate and exclusive in their respective jurisdictions. Neither can interfere with nor control the other. Neither is subordinate to nor dependent upon the other, but both are responsible to the people from whom each derived what power they respectively possess.

Hurst, 1950 OK CR 10, pg. 338, 213 P.2d at 882 (emphasis added).

¶7 For the reasons stated above, I respectfully, but most strenuously object to the acceptance of jurisdiction by this Court.

FOOTNOTES

[1] See Order Transferring Matter to the Oklahoma Supreme Court, filed 7/29/2020, PR-2020-478.

[2] See Order Transferring Matter to the Oklahoma Supreme Court, filed 7/29/2020, PR-2020-478.

[3] See Order Transferring Matter to the Oklahoma Supreme Court, filed 7/29/2020, PR-2020-478.

 

 

Rowe, J. with whom Winchester, J. joins, dissenting:

¶1 I would deny Petitioner's Amended Application to Assume Original Jurisdiction. While it is clear that the underlying matter does not arise from a criminal case and that the district courts were acting in an administrative capacity when they issued the Administrative Orders in question, resolution of this case necessarily implicates questions of criminal law and procedure. This Court maintains general superintending jurisdiction over all inferior courts pursuant to Okla. Const. art. 7, § 4. However, that general superintending jurisdiction should not be used as an inroad for this Court to weigh in on matters of criminal law and procedure which fall exclusively within the jurisdiction of the Court of Criminal Appeals, pursuant to Okla. Const. art. 7, § 4.

¶2 Accordingly, I respectfully dissent.

 

 

 

 

 

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2011 OK CR 31, 265 P.3d 754, ALLEN v. STATE
Discussed
 1979 OK CR 139, 603 P.2d 1165, J.L.D. v. JENNINGS
Discussed
 1950 OK CR 10, 213 P.2d 877, 90 Okl.Cr. 329, HURST v. PITMAN
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1986 OK 43, 725 P.2d 1254, 57 OBJ 1704, Price v. Reed
Discussed
 1987 OK 74, 742 P.2d 1117, 58 OBJ 2238, Petuskey v. Cannon
Discussed
 1987 OK 105, 745 P.2d 730, 58 OBJ 3081, State v. Buchanan
Discussed
 1988 OK 131, 770 P.2d 887, 59 OBJ 3135, Mitchell v. Meachum
Discussed
 1988 OK 142, 766 P.2d 1357, 59 OBJ 3429, Wilhelm v. Gray
Discussed
 1990 OK 82, 796 P.2d 1150, 61 OBJ 2102, State v. Lynch
Discussed
 1991 OK 22, 807 P.2d 257, 62 OBJ 869, Heiman v. Atlantic Richfield Co.
Cited
 1991 OK 27, 808 P.2d 672, 62 OBJ 934, Gaines v. Maynard
Discussed
 1992 OK 29, 829 P.2d 961, 63 OBJ 693, State ex rel. Dept. of Human Services v. Board of County Com'rs of McClain County
Discussed
 1992 OK 45, 833 P.2d 257, 63 OBJ 949, Woody v. State, ex rel. Dept. of Corrections
Discussed
 1992 OK 135, 850 P.2d 1047, 63 OBJ 2790, Foust v. Pearman
Discussed
 1993 OK 51, 851 P.2d 529, 64 OBJ 1348, Daniels v. Kaiser
Discussed
 1993 OK 121, 871 P.2d 1379, 64 OBJ 2872, Medina v. State
Discussed
 1993 OK 132, 863 P.2d 1187, 64 OBJ 3266, McMullin v. Department of Corrections
Cited
 1915 OK 328, 149 P. 154, 46 Okla. 487, MELTON v. STATE
Discussed
 1952 OK 134, 242 P.2d 712, 206 Okla 251, BOSTON v. CAUSEY
Discussed
 1936 OK 339, 42 P.2d 143, 172 Okla. 152, MCINTIRE v. BURNS
Cited
 1936 OK 582, 62 P.2d 621, 178 Okla. 210, HINKLE v. KENNY
Cited
 1936 OK 592, 61 P.2d 679, 177 Okla. 588, PROVIDENT LIFE & ACCIDENT INS. CO. v. EVERETT
Cited
 1935 OK 236, 42 P.2d 123, 171 Okla. 113, Ex parte BREWER
Cited
 1935 OK 273, 42 P.2d 234, 171 Okla. 154, Ex parte RAY
Discussed
 2001 OK 57, 93 P.3d 780, 72 OBJ 1956, DUBUC v. SIRMONS
Discussed
 1956 OK 21, 292 P.2d 430, CITY OF TULSA v. HILLCREST MEDICAL CENTER
Discussed
 1958 OK 297, 333 P.2d 570, ANDERSON v. WALKER
Discussed
 2002 OK 49, 50 P.3d 215, SMITH v. MOORE
Discussed
 1995 OK 9, 890 P.2d 948, 66 OBJ 623, Petuskey v. Freeman
Discussed
 1924 OK 106, 224 P. 702, 97 Okla. 134, McINTOSH v. STATE
Discussed
 1924 OK 188, 240 P. 66, 112 Okla. 284, STEINICKE v. HARR
Discussed
 1995 OK 35, 894 P.2d 1096, 66 OBJ 1330, Cooper v. Parker-Hughey
Discussed
 1971 OK 7, 479 P.2d 956, 42 OBJ 95, RESOLUTE INSURANCE COMPANY v. STATE
Discussed
 1995 OK 125, 907 P.2d 1055, 66 OBJ 3562, Webb v. Maynard
Discussed
 2004 OK 19, 90 P.3d 546, MEHDIPOUR v. STATE ex rel. DEPT. OF CORRECTIONS
Discussed
 1930 OK 254, 288 P. 342, 143 Okla. 181, HUNT v. ROWTON
Cited
 2006 OK 25, 136 P.3d 630, COTNER v. GOLDEN
Discussed
 2006 OK 26, 137 P.3d 681, MARTIN v. JORDAN
Discussed
 2006 OK 63, 145 P.3d 1040, IN THE MATTER OF M.B.
Discussed at Length
 2007 OK 56, 164 P.3d 1073, BROWN v. CREEK COUNTY
Discussed
 2010 OK 40, 237 P.3d 779, STATE v. POWELL
Discussed
 2013 OK 64, 307 P.3d 337, COURTNEY v. STATE OF OKLAHOMA
Cited
 2014 OK 24, 326 P.3d 521, HEMPHILL v. HARBUCK
Discussed
 2014 OK 28, 377 P.3d 1254, LOCKETT v. EVANS
Discussed
 2014 OK 34, 330 P.3d 488, LOCKETT v. EVANS
Discussed
 1977 OK 61, 562 P.2d 860, STATE EX REL. WISE v. WHISTLER
Discussed
 2014 OK 119, 341 P.3d 689, PERRY v. CITY OF NORMAN
Discussed
 1978 OK 28, 576 P.2d 298, KIDDY v. CITY OF OKLAHOMA CITY
Discussed
 1978 OK 130, 595 P.2d 416, CARDER v. COURT OF CRIMINAL APPEALS
Discussed at Length
 1979 OK 158, 603 P.2d 761, HALE v. BD. OF CTY. COM'RS OF SEMINOLE CTY.
Discussed
 2017 OK 97, 408 P.3d 586, PARSONS v. DISTRICT COURT OF PUSHMATAHA COUNTY
Discussed at Length
 1928 OK 357, 269 P. 275, 131 Okla. 302, EXCHANGE TRUST CO. v. MANN
Discussed
 2020 OK 31, PAYNE v. KERNS
Cited
 1981 OK 36, 631 P.2d 735, Murga, Application of
Cited
 1981 OK 41, 630 P.2d 772, Prock v. District Court of Pittsburg County
Discussed
 1927 OK 203, 258 P. 879, 126 Okla. 37, DANCY v. OWENS
Discussed at Length
 1981 OK 113, 634 P.2d 1306, State v. Nesbitt
Discussed
 1951 OK 347, 238 P.2d 338, 205 Okla. 405, MOYER v. MEIER
Discussed
 1950 OK 10, 214 P.2d 449, 202 Okla. 468, SABIN v. LEVORSEN
Cited
 1998 OK 133, 975 P.2d 900, 70 OBJ 66, State ex rel. Oklahoma State Bureau of Investigation v. Warren
Discussed
 1999 OK 26, 977 P.2d 1089, 70 OBJ 1069, Shabazz v. Keating
Discussed
 1941 OK 60, 115 P.2d 123, 189 Okla. 235, SKINNER v. STATE ex rel. WILLIAMSON
Discussed
 1911 OK 66, 114 P. 257, 28 Okla. 266, SMYTHE v. SMYTHE
Cited
 1985 OK 36, 699 P.2d 1094, Cumbey v. State
Discussed
 1986 OK 18, 718 P.2d 1354, Morris v. Meachum
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 184, Taking Defendant before Magistrate Where Offense is Triable
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA